(March 6, 1924.)

In the Matter of the Application of GLENN FRANCE
for a Writ of Habeas Corpus.

[224 Pac. 433.]

HABEAS CORPUS—CERTIFICATE OF PROBABLE CAUSE—ADMISSION TO BAIL
PENDING APPEAL—MATTER OF DISCRETION AFTER CONVICTION—
WHEN MATTERS DEHORS THE RECORD MAY BE CONSIDERED ON AP-
PLICATION FOR BAIL.

1. The constitutional provision, art. 1, sec. 6, that "all persons shall be bailable by sufficient sureties, except for capital offenses, where the proof is evident or the presumption great," does not apply to persons after trial and conviction.

2. The phrase "probable cause for the appeal" as used in C. S., sec. 9074, means that the appellant has grounds for his appeal that present a debatable question, and that it is not frivolous or taken for delay.

3. Under art. 5, sec. 9, of the constitution, a defendant has an absolute right of appeal from a final judgment against him in a criminal case. This right is not dependent upon his guilt or innocence, and where he is prosecuting such appeal in good faith, he will ordinarily be entitled to bail pending such final determination.

4. Where a defendant has been convicted of a felony, his right to bail pending an appeal rests in the sound discretion of the trial court, and it is not an abuse of such discretion to refuse bail

where he appears incorrigible, or to have recently committed other offenses.

5. The purpose of punishment for crime is to deter the person who has broken the law from a repetition of his acts and to warn others against the commission of crime, and his restraint is to prevent recurrent manifestations of his criminal tendencies.

6. In considering whether or not a defendant convicted of a felony is entitled to bail pending his appeal, a recent conviction of other offenses may be considered for the purpose of determining whether such defendant should be restrained of his liberty pending such appeal.

Application for admission to bail upon writ of *habeas corpus.* Application *denied* and petitioner remanded.

W. P. Guthrie and E. R. Dampier, for the Petitioner.

J. W. Taylor, Prosecuting Attorney of Twin Falls County, against the Petitioner.

Counsel file no briefs.

WILLIAM A. LEE, J.—This is an application for admission to bail upon writ of *habeas corpus.*

The petition alleges that the petitioner is confined in the county jail of Twin Falls county, by reason of the refusal of the trial judge to admit him to bail; that he was convicted in the district court in and for said county on October 19, 1923, of a felony, and was sentenced to the penitentiary for a term of from one to fourteen years; that thereafter a certificate of probable cause was issued by the said judge, and notice of appeal to this court was served and filed, and also motion made in that court for a new trial, which is still pending; that application for bail was made pending the final determination of these matters, and was refused; that the amount of the fictitious

Publisher's Note.

6. Constitutional right to bail pending appeal from conviction, see note in 19 A. L. R. 807.

Right to release on bail pending appeal under general statute, see note in 37 L. R. A., N. S., 693.

check alleged to have been issued, which constituted the offense for which he was convicted, was $12.80; that the jury that found petitioner guilty recommended leniency; that petitioner is prosecuting his appeal in good faith with due diligence, and that the court abused its discretion in refusing him bail.

A writ was allowed, and the sheriff having the custody of the petitioner made return that he held him by virtue of said commitment to the Idaho State Penitentiary upon a felony charge, issued by said court. Upon this return, a hearing was had, at which time the sheriff asked and was granted leave to amend his return. A final determination of the cause was continued until such amended return was presented and petitioner given time to move against the same.

The amended return shows the following additional matter: That on July 5, 1921, petitioner plead guilty to a charge of issuing a check without sufficient funds or credit in the bank to pay the same, and was sentenced to, and did serve, a term of thirty days in jail; that on March 2, 1923, the petitioner was again arrested for issuing a check without funds, and was sentenced to pay a fine of $10 and costs, which he paid; that on May 1, 1923, he was found guilty of driving an automobile without a license, and fined $25 and costs.

The return further alleges that besides these offenses, petitioner had issued other worthless checks, but upon his representation and promise of future good behavior, such charges were not prosecuted. The facts relating to petitioner's conviction and plea of guilty of other offenses set up in the amended return are authenticated by the official court records of Twin Falls county.

Petitioner moves to strike from the return all matter not contained in or directly connected with the record of his conviction upon the felony charge, on the ground that it is immaterial and violative of his rights in the presentation of his application for this writ. It is insisted that the trial judge having issued a certificate of probable

cause, and petitioner having shown that he is prosecuting his motion for a new trial in that court, and his appeal from the judgment of conviction to this court, in good faith, when considered in connection with the small amount of the fictitious check upon which the charge was based, together with the recommendation of clemency on the part of the jury, it is an abuse of discretion on the part of the trial judge to refuse bail pending a final hearing of his motion for a new trial and his appeal to this court.

It was held in *Re Neil*, 12 Ida. 749, 87 Pac. 881, that the phrase "probable cause for the appeal," as used in C. S., sec. 9074, does not mean that there is probable reason to suppose that the judgment will be reversed, but only that appellant has assigned grounds on which he expects to rely that are open to doubt or honest difference of opinion, about which rational, reasonable and honest discussion may arise; that the appeal must present some debatable question, and is not merely frivolous and vexatious; that the right to appeal by a defendant in a criminal case is absolute, and in no respect dependent upon his guilt or innocence; and that where he avails himself of his remedy, in good faith and not as a pretext for delay, it would be unjust to inflict punishment upon him while he is having the validity of this judgment against him judicially determined. But it is also said that the right of a defendant to be admitted to bail after conviction of a felony does not necessarily follow the right to have a certificate of probable cause issued.

The provision of art. 1, sec. 6 of the constitution that "all persons shall be bailable by sufficient sureties, except for capital offenses, where the proof is evident or the presumption great," has reference only to cases in which the party has not yet been tried, and applies to all persons prior to conviction, but has no reference to cases wherein a conviction has been had. Where a defendant appeals from a judgment which imposes a term of imprisonment, admission to bail as provided by C. S., sec.

9096, is a matter of discretion in the first instance with the trial court. (*In re Schriber,* 19 Ida. 531, 114 Pac. 29, 37 L. R. A., N. S., 693.)

Petitioner contends that the court, in considering whether a defendant is entitled to bail, is precluded from considering anything *dehors* the record in the particular court and case in which he has been convicted, and moves to strike from the amended return all matter relating to his conviction for other offenses.

The purpose of punishment for a breach of the law is to deter a person who has broken it from a repetition of his act, and also to deter other persons from committing similar breaches. (16 C. J. 1351, sec. 3186, citing *State v. Neil,* 13 Ida. 539, 90 Pac. 860, 91 Pac. 318 and other cases.) The modern conception of punishment, and the one that obtains in this state, takes practically no account of compensation. Its purpose is an attempt to prevent, by means of deterring examples and by confinement of and restrictions upon criminals considered unfit to be at liberty, and when viewed from a criminological standpoint, is closely analogous to confinement and restraint of persons of unsound mind. The offender is committed to the charge of the officers of the state as a sort of penitential ward, to be restrained so far as necessary to protect the public from recurrent manifestations of his criminal tendencies, with the incidental warning to others who may be criminally inclined. (*State v. Wolfer,* 119 Minn. 368, Ann. Cas. 1914A, 1248, 138 N. W. 315, 42 L. R. A., N. S., 978; 8 R. C. L. 257, sec. 263; *Aabel v. State,* 86 Neb. 711, 136 Am. St. 719, 126 N. W. 316.)

C. S., secs. 9041 and 9046, give to the trial judge in certain instances authority to suspend the execution of judgment, or to withhold passing judgment, upon such terms and for such time as he may prescribe. Manifestly, this and other humane provisions now generally recognized are not intended to apply to habitual criminals, or to a class of persons who indicate by their persistency in the

commission of crime that nothing short of actual restraint will deter them from committing other offenses.

It would appear from the supplemental matters set up in the amended return to the writ that the petitioner has committed other offenses in the way of issuing checks upon banks where he had no funds or credit to protect the same, and had been given jail sentences and money fines for so doing. It may well be that the learned trial judge who refused to admit him to bail after conviction upon the present charge of issuing a fictitious check had knowledge of, and took into account, the commission of these other offenses. He would have been warranted in so doing, for there is no legal impediment against a trial judge, when application is made by a defendant to be admitted to bail after his conviction for a felony, considering extrinsic matters which tend to show that the defendant has been a habitual offender, and if admitted to bail will continue in a criminal course of conduct, although such matters would not under the rules of evidence be admissible in a trial of his cause before a jury.

It is the duty of courts in the administration of criminal law to endeavor to protect society against the habitual offender. While this must be done with due regard for the settled principles of the law, none of the fundamental rights of a person who has been convicted of a felony are violated by refusing him bail pending an appeal to this court, if his record is such that it may be reasonably anticipated that he will continue a career of crime until he is actually incarcerated in prison. With this class of offenders, their incarceration is for their benefit, as well as that of society. In considering the right of one to be admitted to bail after conviction on a felony charge, we think courts may consider the record of the offender in the commission of other offenses in determining whether or not he should be admitted to bail pending his appeal from such judgment of conviction.

The application should be denied and the prisoner remanded to the custody of the officer, and it is so ordered.

McCarthy, C. J., and Budge, J., concur.