(No. 5816. November 30, 1931.)

In the Matter of the Application of RUPERT L. BOLITHO for a Writ of Habeas Corpus.

[6 Pac. (2d) 855.]

Elbert S. Delana and C. H. Edwards, for Petitioner.

Carl A. Burke, Prosecuting Attorney, and Thornton D. Wyman, Assistant Prosecuting Attorney, for the State.

GIVENS, J.—Petitioner was convicted of fornication with a young woman some nineteen and one-half years of age, whom petitioner engaged as his stenographer in his real estate business. He was sentenced to pay a fine of $300 and costs, and to serve six months in jail.

Petitioner secured a writ of probable cause, and was refused bail, and applies herein for a writ of *habeas corpus* to compel the allowance of bail pending his appeal.

Paragraph 2 of C. S., sec. 9096, makes the allowance of bail in all cases other than where the punishment is death or by fine only, discretionary with the trial judge, and applies to misdemeanor cases where incarceration not for failure or inability to pay a fine, is part of the sentence. (*In re Schriber,* 19 Ida. 531, 114 Pac. 29, 37 L. R. A., N. S., 693.)

It is significant to notice that California, in 1909, amended their statute, Penal Code, sec. 1272, which theretofore had been identical with our C. S., sec. 9096, to make bail in misdemeanor cases a matter of right. Our statute has not been so amended, and is as it was when first passed in 1864. The California statute was the same as ours from 1851 to 1909.

After conviction, and upon considering bail, the court properly acts upon the premise that the defendant is guilty as charged, and found by the jury. (*Ex parte Ryan,* 44 Cal. 555; *Ex parte Duncan,* 53 Cal. 410; Id., 54 Cal. 75.)

From the references by both plaintiff and defendant to the evidence in the case, the acts of the defendant, if as testified to, and the jury evidently believed they were, were of a most revolting and disgusting character, and there is nothing in the conduct of the trial judge, in view of this situation and his knowledge of other circumstances which he evidently properly considered (*In re France,* 38 Ida. 627, 224 Pac. 433; *In re Schriber, supra*), to lead to the conclusion that he abused his discretion; hence, we may not set aside his order. (*Iu re France, supra; State v. Waterman,* 36 Ida. 259, 210 Pac. 208; *In re Schriber, supra*).

Writ quashed.

Lee, C. J., and Budge, Varian and McNaughton, JJ., concur.