278 P.2d 205

STATE of Idaho, Plaintiff-Respondent,

v.

Joe IVERSON, Defendant-Appellant.

No. 8183.

Supreme Court of Idaho.

Dec. 23, 1954.

Rehearing Denied Jan. 17, 1955.

Charles F. Reddoch and Charles S. Stout, Boise, for appellant.

Robert E. Smylie, Atty. Gen., J. Clinton Peterson, Asst. Atty. Gen., and Cecil D. Hobdey, Pros. Atty., Gooding, for respondent.

KEETON, Justice.

Appellant was convicted in the District Court of Gooding County, Honorable D. H. Sutphen, Presiding Judge, of a violation of Sec. 18-6607, I.C., and was sentenced to serve a term in the Idaho Penitentiary of life.

Appeal has been taken to this Court which is now pending.

On application made at the time of pronouncing sentence, the learned trial judge refused to issue a certificate of probable cause, Sec. 19-2809, I.C., and refused to release the prisoner on bail pending appeal. Sec. 19-2905, I.C.

Sec. 19-2809, I.C. provides:

"An appeal to the Supreme Court from a judgment of conviction stays the execution of the judgment in all capital cases, and in all other cases, upon filing with the clerk of the court in which the conviction was had a certificate of the judge of such court, or of a justice of the Supreme Court, that, in his opinion, there is probable cause for the appeal, but not otherwise."

The term "probable cause for the appeal" was in the earlier cases the subject of some divergence of opinion as to its meaning, but the term in its present accepted sense does not mean that there is probable cause for reversal of the judgment, or that reversible errors were committed. It only means that there is presented a case where appellant has assigned, or may assign, grounds on which he expects to rely which are open to doubt, or which are debatable, or over which rational, reasonable or honest discussions my arise; that is, a legal contention that is not clearly and palpably frivolous and vexatious. 8 Cal.Jur. 551, Sec. 554; In re Neil, 12 Idaho 749, 87 P. 881; People v. Burnette, 34 Cal.App.2d 663, 94 P.2d 399; In re Adams, 81 Cal. 163, 22 P. 547; In re France, 38 Idaho 627, 224 P. 433.

It appears from an examination of the transcript and the assignments of error contained in appellant's petition that

the legal propositions presented are not frivolous and are debatable. Hence the certificate of probable cause should issue.

Sec. 19–2905, I.C. reads:

"After conviction of an offense not punishable with death, a defendant who has appealed may be admitted to bail:

"1. As a matter of right, when the appeal is from a judgment imposing a fine only.

"2. As a matter of discretion in all other cases."

■ Admission to bail after conviction is a matter entirely separate and distinct from a certificate of probable cause and the issuance of such certificate does not in all bailable cases carry with it the right to be released on bail. While the defendant may not be admitted to bail prior to the issuance of such certificate, yet on the other hand, a certificate may and should properly issue in many cases where defendant may not be admitted to bail.

■■ The purpose of bail is to prevent the punishment of innocent persons and at the same time compel the presence of the prisoner when required, and to force him to submit to the jurisdiction and the punishment imposed. One prosecuting an appeal in good faith where bail is allowable ought not, as a general rule, subject to exceptions, be compelled to submit to imprisonment while the appeal is pending. 8 C.J.

S., Bail, § 30, p. 49; State v. Waterman, 36 Idaho 259, 210 P. 208.

■ While the allowing of bail to one convicted of a felony, where the statute does not deny the right of one so convicted to be released on bail is, pursuant to the statute above quoted, initially discretionary with the trial court, there should be, as a general rule, some sufficient reason for refusing bail. The discretion given the trial court in releasing or refusing to release one convicted of a crime on bail pending appeal should be judicially exercised.

Among the reasons given as to why the appellant contends he should be released on bail pending appeal is that he is suffering from a mental disorder and is in need of psychiatric treatment, which he contends cannot be administered to him in the penitentiary, and if released he can be so treated.

■ Among the reasons argued for refusing bail are the heinousness and seriousness of the crime, the fear of perpetration of similar offenses if appellant is released, and the severity of the penalty imposed. The trial judge being familiar with the contentions and having heard the evidence at the trial, we cannot say that the facts presented in the petition have demonstrated an abuse of discretion because of his refusal to release the prisoner on bail. Polito v. State of Nevada, Nev., 275 P.2d 884; Application of Fishman, 109 Cal.App. 2d 634, 241 P.2d 603. The giving of bail

under the circumstances presented not being a matter of right, we conclude that we should not overrule the conclusion reached by the trial judge.

The certificate of probable cause will issue; the petition to be released on bail is denied.

PORTER, C. J., GIVENS and TAYLOR, JJ., and BAKER, District Judge, concur.