## PETITION OF DONALD ALLEN BENTLEY, JR.

No. 11775.
Decided April 2, 1970.
467 P.2d 278.

Donald Allen Bentley, Jr., pro se.

MEMO OPINION

PER CURIAM:

In this cause in November of 1969 Donald Allen Bentley, Jr., an inmate of the Montana State Prison, appearing pro se, filed a petition seeking a writ of habeas corpus, but under previous holdings of this Court we declined to entertain the application

because the petitioner was represented by counsel. We issued a memorandum opinion order to that effect on November 3, 1969.

At that time we anticipated that counsel would subsequently file a petition seeking the same relief petitioner sought by his pro se petition. However, no petition was filed by counsel and we are now advised that Bentley has filed, pro se, papers in the United States District Court contending that counsel are not proceeding with diligence upon his appeal, and seeking release on bail.

That justice may be granted, and because of other matters which will be set out hereinafter, our memorandum opinion order of November 3, 1969, is set aside and we will in this instance proceed to consider the matters therein presented.

Petitioner there sought the writ to admit him to bail pending his appeal. He had previously filed a motion for purposes of bail in the district court and he contends that such bail was denied without good cause being shown and that the district court abused its discretion.

We have examined the district court file in the case of State of Montana, plaintiff v. Donald Allen Bentley, Jr., defendant, our No. 11676, being the cause appealed by petitioner herein, and while petitioner asserts the convictions from which his appeal was taken constitutes a first offense the record shows to the contrary, in that he was charged with a previous conviction of the crime of assault with a dangerous weapon, a felony, in the third judicial district of the State of Alaska on February 16, 1962.

Petitioner further contends that the denial of a certificate of probable cause was an abuse of discretion, but we will not discuss this contention since the necessity of such certificate was dispensed with by the new Code of Criminal Procedure and no longer is required or serves any purpose.

Now as to the bail pending appeal: The district court file shows that bail was set in the sum of $25,000, upon motion reduced to $15,000, which was furnished. Thereafter the bondsman revoked the bond and remanded Bentley to the Missoula

county jail. About 10 days later a new bond was furnished. The day following counsel for petitioner presented to the court a motion seeking psychiatric examination and the court made an order requiring petitioner to present himself to the superintendent of the Montana State Hospital at Warm Springs on January 10, 1969, for an examination by a qualified psychiatrist.

The court minutes of January 17, 1969 read:

"4:30 P.M.—It appearing to the Court upon a verbal report from the State Hospital that the defendant has been taking narcotics while in the State Hospital and possibly being an addict, IT IS ORDERED that his Bail be revoked, that he be retained in the State Hospital until arrangements can be made to have him delivered to the Missoula County Sheriff, to be held in the Missoula County Jail pending further order of this Court."

On January 20, 1969, the clinical director of the hospital by letter advised the district court that Bentley was not suffering from any mental disease or defect and that he could understand the proceedings against him and was able to participate and assist in his own defense. The letter contained this statement:

"In addition, on January 15, 1969, he was reported to be in very poor physical condition—suffering with cyanosis, respiratory arrest, cardiac arrest, and was in a deep coma, but after the proper treatment, he recuperated and was transferred from the security ward to our surgical and medical unit; because of his physical condition at the time, he was placed on the critical list, and for that reason his family, his lawyer, and your honor were notified. We found that this condition was due to the fact that Mr. Bentley had administered to himself, into his veins, some amount of narcotics that he had in his possession—including a small plastic syringe that was found with an amount of morphine-like powder in a plastic wrap, in his room."

The court on January 20, 1969, entered the following order restricting visiting privileges:

"Because of the situation which developed at the State Hospital at Warm Springs last week with regard to the Defendant, Donald Allen Bentley, Jr., this Court finds it necessary to assure more adequate security precautions at the Jail with regard to visitation.

"To adequately insure the safety of the Defendant and the security of the Missoula County Jail during visitation, it is ORDERED that no one shall be allowed in the same room with the Defendant with the exception of the Missoula County Sheriff or his properly designated employees;

"It is further ORDERED that any visits to the Defendant by any one other than his lawyers, shall be under the direct supervision of the Sheriff's Office, and that at least one of his properly designated employees shall be present when any person is talking to the Defendant; further, that no more than one person shall visit with the Defendant at any one time, and all visits shall be in the visitor's room of the County Jail with the visitor on one side of the partition and the Defendant on the other side of the partition. The above provisions, except as below designated, shall not apply to the Defendant's lawyers, Mr. D. R. Matthews and Mr. Anthony F. Keast.

"To insure that the Defendant will be able to talk to his lawyers, Mr. D. R. Matthews and Mr. Anthony F. Keast, it is ORDERED that they will have the right to talk to the Defendant in private without anyone else being present, subject to the condition that the Defendant and his lawyers will not actually be in the same room with the Defendant but shall only talk and converse with the Defendant through the partition of the visitor's room of the Jail. If such lawyers require that the Defendant sign any papers, such signing shall only be done in the presence of a properly designated employee of the Sheriff's Office, but such employee shall not read the papers unless requested to or permitted to do so by the Defendant or his lawyers.

"The Missoula County Sheriff is free to make any and all other arrangements for security and for the health and safety of the Defendant not inconsistent with this Order."

The court minutes of January 22, 1969, contain this provision: "The State objected to defendant's oral motion that defendant's counsel be searched before being allowed to communicate in private with the defendant unless the Undersheriff and Deputy Sheriff Meltzer were questioned by the Court. Thereafter Undersheriff Ray Froehlich and Deputy Sheriff George Meltzer were sworn and testified regarding the motion. The Court then ordered that its previous Order of January 20, 1969 be amended to the extent that counsel for the defendant may communicate with the defendant in private in a room designated by the Sheriff, after the Sheriff has been given adequate notice. Counsel shall also submit to any search of his person or property that the Sheriff's office deems necessary for the security of the Jail"

At the conclusion of the jury trial petitioner was found guilty of carrying a deadly weapon with intent to assault a male person, a felony; also found guilty of assault in the first degree upon another male person, a felony; and he was found guilty of assault in the second degree upon a female person, a felony.

Thereafter counsel for the petitioner moved the court to set bail and release the petitioner thereon. This motion was set for hearing, argued before the court and by the court denied.

Having reviewed these facts appearing in the court record, it is at once obvious that the district court had good cause and did not abuse its discretion in revoking bail following the incident at the state hospital which, as indicated in the court's order, in its opinion required extreme measures be taken for the safety of petitioner, officers of the law and the public.

For these reasons our discretion is not moved to grant the request of petitioner that bail be set and the same is hereby denied.

However, this does not dispose of the contention now being made by petitioner in the United States District Court that

counsel are not proceeding with diligence with his appeal, and an examination of our files indicates that there is merit to such contention.

We find that several motions requesting extensions of time for purpose of preparing petitioner's brief on his appeal have been made by counsel, commencing as far back as May 27, 1969, and the latest request and order granting such further time was on March 17, 1970. It further appears that the transcript of the trial was filed in this Court on May 15, 1969, and the district court file was filed here on May 19, 1969.

It is therefore ordered that the Court's order of March 17, 1970, granting an additional 90 days for preparation of brief be, and it hereby is, annulled; appellant's counsel are granted 25 days from date hereof in which to prepare, serve and file the brief, and permission is granted to file such brief in typewritten form.

It is further ordered that Cause No. 11676, State of Montana, Plaintiff and Respondent, vs. Donald Allen Bentley, Jr., Defendant and Appellant, be set for oral argument before this court on Monday, May 11, 1970, at the hour of 9:30 a.m.