572 P.2d 884

**STATE of Idaho, Plaintiff-Appellant,**

v.

**Russell Lee WHITE, Defendant-Respondent.**

No. 12433.

Supreme Court of Idaho.

Dec. 28, 1977.

Wayne L. Kidwell, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., James F. Kile, Asst. Atty. Gen., Boise, for plaintiff-appellant.

Gary E. Radke, of Fuller & Radke, Caldwell, for defendant-respondent.

PER CURIAM:

In an exercise of the Court's plenary power, Idaho Const. art. 5, § 9; *State v. Lewis,* 96 Idaho 743, 356 P.2d 738 (1975), we review on appeal the trial court's dismissal of a kidnapping felony information against defendant Russell Lee White. The order of dismissal followed upon the remittitur of this same action after a judgment of conviction against defendant was reversed by this Court, *State v. White,* 97 Idaho 708, 551 P.2d 1344 (1976). The underlying facts of the case, as developed at trial, are set forth in that opinion.

The trial court's order dismissing the information was entered pursuant to I.C.R. 16(g), as a sanction against the State for its failure to preserve the defendant's truck, which the State admittedly had impounded when defendant was arrested but which it was unable to produce in response to defendant's motion for disclosure in preparing for a second trial.

The State assigns as error the trial court's abuse of discretion in granting de-

fendant's motion to dismiss. The State argues that since defendant made no showing whatever as to any manner in which the truck was material to his case, it follows that he made no showing as to how he would be prejudiced by going to court without it. We agree. *See, State v. Ward*, 98 Idaho 571, 569 P.2d 916 (1977). The judgment of dismissal is reversed and the cause is remanded for further proceedings.