700 P.2d 942

**STATE of Idaho, Plaintiff-Appellant,**

v.

**Edward  CURRINGTON,
Defendant-Respondent.**

**No.  15307.**

Supreme  Court  of  Idaho.

March  27,  1985.

Rehearing Withdrawn June 26, 1985.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-appellant.

Klaus Wiebe, Boise, on brief, Alan E. Trimming, Boise, Laird B. Stone, Twin Falls, for defendant-respondent.

SHEPARD, Justice.

This is an appeal from an order of the trial court, releasing the defendant-respondent Currington on bail during the pendency of his appeal from a conviction and sentence of ten years for arson, enhanced by five years for a persistent violator charge.  We affirm.

We assume for the purpose of this opinion that the order of the trial judge admitting the defendant to bail is appealable (*see* I.A.R. 11(c)(6), allowing an appeal of right from an order made after judgment, affecting the substantial rights of defendant or the State).  In any event, the obvious need for resolution of the question presented herein would impel the court to hear this appeal in the exercise of its inherent power. *See State v. White,* 98 Idaho 781, 572 P.2d 884 (1977); Idaho Const. art.

5, § 9, *Cf. State v. Molinelli,* 105 Idaho 833, 673 P.2d 433 (1983).

Following Currington's conviction, imposition of sentence against him, and the filing of an appeal, Currington moved the trial court for release on bail pending appeal. The State opposed such motion, on the basis of Currington's alleged ineligibility for bail, under I.C. § 19–2905. That statute provides:

"Bail may be allowed to the defendant where good cause is shown, in all cases in which the appeal is from the trial, conviction or sentence for a criminal offense; except that no bail shall be allowed when the defendant has been sentenced for the said criminal offense to death, life imprisonment or for a term of incarceration exceeding five (5) years or where there has been an enhanced penalty imposed pursuant to sections 19–2520 or 19–2520A, Idaho Code."

Nevertheless, the trial court, on the basis of I.C.R. 46(b), found Currington eligible, and granted bail pending appeal. I.C.R. 46(b) states:

"A defendant may be admitted to bail or released upon his own recognizance by the court in which he was convicted pending an appeal upon consideration of the factors set forth in subsection (a) of this rule above unless it appears that the appeal is frivolous or taken for delay. Application for admittance to bail or release upon his own recognizance may be made by a defendant to the appellate court upon a showing in the application that the court in which he was convicted has refused to admit him to bail or release him on his own recognizance."

Evidence was presented regarding Currington's suitability for release on bail. No question is raised on this appeal regarding such suitability, other than relating to the statute-rule conflict, and we do not address other factors going to his suitability for bond. The trial court granted bail in the amount of $5,000 and imposed certain other conditions upon Currington's release.

The only argument of substance on this appeal is whether the granting of bail is a matter of substantive law and therefore within the exclusive province of the legislature or whether, as argued by Currington and concluded by the trial court, the question is merely one of procedure and therefore a matter falling within the rule-making authority of the Supreme Court.

A criminal defendant's right to bail in all but exceptional cases is provided in Idaho Const. art. 1, § 6, which states:

"All persons shall be bailable by sufficient sureties, except for capital offenses, where the proof is evident or the presumption great. Excessive bail shall not be required, nor excess fines imposed, nor cruel and unusual punishments inflicted."

That provision confers a right to bail only prior to trial and not following conviction during a pending appeal. *In re France,* 38 Idaho 627, 224 P. 433 (1924); *In re Schriber,* 19 Idaho 531, 114 P. 29 (1911). *See also State v. Smith,* 84 Wash.2d 498, 527 P.2d 674 (1974); *In re Scaggs,* 47 Cal.2d 416, 303 P.2d 1009 (1956). The Idaho Constitution does not contain any provision authorizing or restricting post-conviction bail.[1]

Our constitution in art. 5, § 13 provides in pertinent part:

"The legislature shall have no power to deprive the judicial department of any power or jurisdiction which rightly pertains to it as a coordinate department of the government ..."

Our legislature has recognized and confirmed the procedural rule-making power of the Supreme Court. I.C. §§ 1–212, 1–213.

Our decision at bottom is whether post-conviction bail is one of substantive right within the prerogative of the legislature, or is rather a procedural consideration governed by the rules of this Court. We hold

---

1. The appellant State has not asserted any federal question and hence we do not construe the eighth amendment to the United States Constitution.

that as to the very narrow issue presented here, *i.e.*, the authority of a trial court to allow post-conviction bail to a convicted criminal made ineligible for bail by a statutory enactment, the issue is one of procedure rather than of substantive law. As has been well stated by the Washington Court in *State v. Smith*, 84 Wash.2d 498, 527 P.2d 674, 676–77 (1974):

"Although a clear line of demarcation cannot always be delineated between what is substantive and what is procedural, the following general guidelines provide a useful framework for analysis. Substantive law prescribes norms for societal conduct and punishments for violations thereof. It thus creates, defines, and regulates primary rights. In contrast, practice and procedure pertain to the essentially mechanical operations of the courts by which substantive law, rights, and remedies are effectuated. [Citations] ...

\*      \*      \*

"Since the inherent power to fix bail is grounded in the power to hold a defendant, and thus relates to the *manner* of ensuring that the alleged offense will be heard by the court, we believe it to be implicit that the right to bail is essentially procedural in nature. Therefore, we hold that CrR. 3.2(h) was validly promulgated by the Supreme Court pursuant to its inherent rule-making authority to prescribe rules of procedure.

"Since the promulgation of rules of procedure is an inherent attribute of the Supreme Court and an integral part of the judicial process, such rules cannot be abridged or modified by the legislature. [Citations] Thus, the right to bail (and release) after verdict and pending appeal in the two cases consolidated and considered in this opinion is governed solely by the provisions of CrR. 3.2(h)." (Emphasis and parenthetical material in original.)

■ We note that, where conflict exists between statutory criminal provisions and the Idaho Criminal Rules in matters of procedure, the rules will prevail. *State v.*

*Lewis*, 107 Idaho 616, 691 P.2d 1231 (1984); *State v. Lindner*, 100 Idaho 37, 592 P.2d 852 (1979). *See also State v. Yoder*, 96 Idaho 651, 534 P.2d 771 (1975); *R.E.W. Const. Co. v. District Court of Third Jud. Dist.*, 88 Idaho 426, 400 P.2d 390 (1965); *State v. Smith, supra.*

■ The fixing of bail and release from custody are matters traditionally within the discretion of the courts. *State v. Kerrigan*, 98 Idaho 701, 571 P.2d 762 (1977); *State v. Jiminez*, 93 Idaho 140, 456 P.2d 784 (1969); *State v. Dunn*, 91 Idaho 870, 434 P.2d 88 (1967). We believe that these matters are most wisely left to the trial judge.

The order of the trial court is affirmed. Costs to respondent. No attorney's fees on appeal.

DONALDSON, C.J., and HUNTLEY, J., concur.

BISTLINE, Justice, dissenting.

Where this Court has just recently declared itself vested with the inalienable and inherent right to promulgate Rules of Evidence which in many instances are clearly substantive enactments and not mere matters of procedure, any voice heard in dissent is for all practical purposes a futile oral exercise. However, in other days down the road, it may help that the record is here kept straight.

I.C. § 19–2905, as set forth in the majority opinion, is not the full extent of the statutes governing bail on appeal. Since 1864 and throughout territorial days, through the formulation and adoption of our Constitution, and for 90 years of statehood, other than for convictions where the offense was punishable by death, admission to bail to a defendant who has appealed was a matter of judicial discretion. I.C. § 19–2905 prior to the 1980 amendment. During that entire 116-year period, side-by-side with § 19–2905, § 19–2906 provided the conditions of bail:

After conviction, and upon appeal:

. . . .

2. If judgment of imprisonment has been given, that he will surrender himself in execution of the judgment, upon its being affirmed or modified or upon the appeal being dismissed; or that in case the judgment be reversed, and that the cause be remanded for a new trial, that he will appear in the court to which said cause may be remanded, and submit himself to the orders and process thereof.

For over a century, then, and, of extreme importance, through the move to statehood with the adoption of the Constitution, it has been the legislature which declared the rules for admission to bail, with discretion in the courts as to its allowance in each given case. All of that time the legislature set the qualifications of bail, I.C. § 19–2910; justification of bail, I.C. § 19–2911; and discharge from custody of a defendant on making bail, I.C. § 19–2912, ad infinitum through § 19–2937.

As stated by the majority, "Our legislature has recognized and confirmed the procedural rule-making power of the Supreme Court." This occurred in 1941.

I.C. § 1–212 provides:

**Rule-making power recognized.**—The inherent power of the Supreme Court to make rules governing procedure in all the courts of Idaho is hereby recognized and confirmed.

I.C. § 1–213 provides:

**Duty to make rules—Limitation.** —The Supreme Court shall prescribe, by general rules, for all the courts of Idaho, the forms of process, writs, pleadings and motions, the manner of service, time for appearance, and the practice and procedure in all actions and proceedings. Said rules shall neither abridge, enlarge nor modify the substantive rights of any litigant.

The Court's rule set forth in the majority opinion appears, according to the annotation of the bound volume of over 600 pages of rules of various and sundry kinds, to have been enacted in December of 1979, effective July 1, 1980. The legislature's new version of I.C. § 19–2905 was approved by the governor on March 28th, and would have become law May 28th—prior to the effective date of the rule—all of which is interesting, but likely irrelevant. As the majority concedes, the issue is whether the Court has delved into an area of substantive law. Obviously it has, and equally obvious, there is a confrontation between this Court, as presently constituted vis a vis its 1941 membership when it was entrusted with making rules which were strictly procedural, and it is beyond doubt that the legislature is going to have to resort to a constitutional amendment if it intends to prevail.

The majority errs in holding that a defendant's right to bail in all but exceptional cases exists *only prior to trial*. According to the majority, this "right" after trial miraculously transforms itself into a procedural matter, which thereby makes it subject to this Court's rules, even where conflicting statutes have existed for over a century. I fail to understand the majority's mystical formula by which such a result is reached.

It is true that this Court in two old cases—*In re France*, 38 Idaho 627, 224 P.2d 433 (1924), and *State v. Schriber*, 19 Idaho 531, 114 P. 29 (1911)—has held that an individual's right to bail, pursuant to Idaho Constitution, art. 1, § 6, applies only to the pre-conviction stage of a trial; however, these holdings dealt only with an individual's *state constitutional right* to bail. Neither *France* nor *Schriber* nor any other case purports to limit an individual's statutory right to bail, nor do they say that one's entitlement to bail is a mere matter of procedure.

The fact that the Idaho Constitution does not contain any provision either authorizing, prohibiting, or restricting post-conviction bail does not mean that no such right exists. In fact, such a conclusion is anomalous. It makes little sense to concede that pre-conviction bail is a substantive right but post-conviction bail is a procedural matter. In both instances, the applicability of one's entitlement to bail impacts upon identical interests, concerns, and rights shared

by the individual and the public at large. Furthermore, it cannot be emphasized enough that not all of an individual's rights are to be found in constitutional provisions. Statutes also create, define, and govern rights enjoyed by the people. That is precisely what the legislature has done in this case, years ago.

Whether an individual qualifies for bail is an inquiry pertaining to rights, not procedure. Bail issues involve far more than "essentially mechanical operations of the courts by which substantive law, rights, and remedies are affected." Majority Opinion, p. 4, *quoting State v. Smith*, 84 Wash.2d 498, 527 P.2d 674, 676 (1974). Bail issues affect and involve rights of liberty, association, travel, and property. The inescapable conclusion is that bail is a matter of substantive law. It had been so from the year 1864.

BAKES, Justice, dissenting:

The majority has characterized the right to bail pending appeal as "procedural," and as a result of that mischaracterization has voided a substantive law enacted by the legislature based upon a procedural rule of this Court. I dissent. However, the statute dealing with bail on appeal, I.C. § 19–2905, is not directly in conflict with I.C.R. 46(b), as the majority holds. The rule states:

"**Rule 46. Bail or release on own recognizance.—**...

"(b) Right to bail or release pending appeal. A defendant may be admitted to bail or released upon his own recognizance by the court in which he was convicted pending an appeal upon consideration of the factors set forth in subsection (a) of this rule above unless it appears that the appeal is frivolous or taken for delay. Application for admittance to bail or release upon his own recognizance may be made by a defendant to the appellate court upon a showing in the application that the court in which he was convicted has refused to admit him to bail or release him on his own recognizance."

It has always been this Court's rule of statutory construction that where two statutes can be reasonably interpreted so that there is no conflict between them, they should be so interpreted, rather than interpreted in a way that results in a conflict. *State v. Creech*, 105 Idaho 362, 670 P.2d 463 (1983); *Christensen v. West*, 92 Idaho 87, 437 P.2d 359 (1968); *Sampson v. Layton*, 86 Idaho 453, 387 P.2d 883 (1963). I.C.R. 46(b) can reasonably be interpreted to apply only in those situations where the legislature has provided by statute for bail on appeal. Such an interpretation would avoid the conflict with the statute and would be in keeping with our longstanding rule of statutory construction. The fact that I.C.R. 46(b) uses the language *"may be admitted to bail"* even suggests that the right is not absolute, but subject to limitations such as those contained in I.C. § 19–2905. It is only by attributing to I.C.R. 46(b) an interpretation that it is the exclusive source of authority for determining the right to bail on appeal that a conflict arises. The rule could just as well be interpreted to apply only to those situations in which I.C. § 19–2905 authorizes bail on appeal, as our rules of statutory construction dictate.

Even assuming that the statute and rule are in conflict, the majority's procedural-substantive analysis is flawed. The majority argues that "[t]he fixing of bail and release from custody are matters traditionally within the discretion of the courts," and thus bail is procedural. However, merely because the determination of whether or not a person is entitled to bail has been decided by the judiciary over the years does not mean that the entitlement to bail, which historically has been fixed both by Constitution and statute, is a procedural rather than a substantive matter. The truth is that there are few more substantive issues in the law than the issue of whether or not a person should be incarcerated, regardless of whether that determination is based upon a sentence of imprisonment or upon the right or denial of bail. There is no more compelling evidence that bail is a substantive issue than the fact

that bail is guaranteed in both the eighth amendment to the United States Constitution, and Art. 1, § 6, of the Idaho Constitution. The issue of the right to bail requires a balancing of some of the most basic policy considerations confronting any democracy, *i.e.*, the individual's right to be free from interference and incarceration by government, and the demand that society be protected from criminals and that persons be punished for societal misconduct. Those policy judgments are the most basic of the substantive law issues which are established by Constitution and statute, even though individual cases must be tried in the courts and thus there will always be certain procedural aspects to determining whether a given individual is entitled to bail, such as the type of hearing, notice requirements, evidentiary and burden of proof standards, etc. The fact that this Court can make procedural rules regarding the conduct of hearings regarding bail does not mean that the legislature does not have authority to enact substantive law with regard to the issue of whether or not bail will be allowed on appeal. Otherwise, if one follows to its logical conclusion the majority's ruling that the right to bail is procedural, this Court would be authorized to overrule the Constitution's guarantee of the right to bail by merely enacting a rule to that effect. The fact that this Court has enacted a rule on the subject does not in itself determine that the subject matter is procedural and that it prevails over a conflicting statute.

This is the second time in recent years that this Court has, I believe, overstepped the bounds of its authority in determining the distinction between matters substantive and matters procedural. In the case of *State v. McCoy*, 94 Idaho 236, 486 P.2d 247 (1971), the issue was framed over whether the legislature, through the enactment of mandatory minimum sentences, could limit the judiciary from issuing withheld judgments or suspended sentences to criminals convicted of driving under the influence of alcohol. Both the *McCoy* opinion and today's opinion pay lip service to the correct rule of law. In *McCoy* we said that "were we deliberating upon a matter of substan-

tive law, there would be no doubt that the legislature has effected a valid change," *id.* at 240, 486 P.2d at 251. In this case the Court states that "a matter of substantive law ... [is] within the exclusive province of the legislature," *ante* at 943. However, both opinions then avoid applying the correct rule of law. In *McCoy* the Court declared that "this is more than a bare rule of substantive law subject to change by the legislature. Rather it is in the nature of an inherent right of the judicial department," *id.* at 240, 486 P.2d at 251. In today's opinion the Court avoids the correct result by concluding, "The issue [of bail pending appeal] is one of procedure rather than of substantive law," *ante* at 944. *McCoy* was ultimately overruled when the people of Idaho responded to our opinion with a constitutional amendment to Art. 5, § 13, of the Idaho Constitution, reestablishing that, indeed, the legislature has the power to set mandatory minimum sentences. Today's opinion deserves a similar fate.

Whether a matter is substantive or procedural requires a proper analysis under the particular facts of the case, and each branch of government should exercise caution and restraint when approaching the boundary of the other branch's authority. As Justice McFadden stated in his dissenting opinion in *McCoy:*

> "It is to be kept in mind that defining the limits of authority of the three departments of government, Idaho Const. Art. 2, § 1, is one of great importance and delicacy, and this Court must exercise special caution in this area." *State v. McCoy*, 94 Idaho at 241, 486 P.2d at 252.

This Court should exercise such caution and recognize the legislature's authority and the substantive nature of the right to bail pending appeal. Failure to exercise such restraint and caution leads to competition or friction between the branches of government and, in some cases absurd results. For example, the result of *State v. Smith,* 84 Wash.2d 498, 527 P.2d 674 (1974), relied on by the majority, was that the Constitution and supporting legislation

in Washington denied bail prior to trial to the defendant charged with first degree murder; but once the defendant was fully and fairly convicted beyond a reasonable doubt, the trial court freed the defendant on bail pending appeal based upon its supposedly "procedural" rule. *See State v. Smith, supra* (Rosellini, J., dissenting).

The majority acknowledges that there is no constitutional right to bail pending appeal. *Ante* at 943. Both the United States Court of Appeals, in *Bretz v. Kelman*, 722 F.2d 503 (9th Cir.1983), and the Idaho Supreme Court in *State v. Iverson*, 76 Idaho 117, 278 P.2d 205 (1955), and *In re Schriber*, 19 Idaho 531, 114 P. 29 (1911), have so ruled. *See also Ex parte Brown*, 658 Cal. 177, 8 P. 829 (1885); *Braden v. Lady*, 276 S.W.2d 664 (Ky.1955); *People v. Giacalone*, 16 Mich.App. 352, 167 N.W.2d 871 (1969); *Spitznas v. State*, 648 P.2d 1271 (Okl.Cr.1982); *Hicks v. State*, 179 Tenn. 601, 168 S.W.2d 781 (1943). The right to bail on appeal did not exist at common law, but was created by legislation, in Idaho by the territorial legislature in 1864. *See* former I.C. § 19–2905. *In re Schriber, supra; see also State ex rel. Scott v. St. Joseph Superior Court*, 274 Ind. 605, 413 N.E.2d 565 (1980) (post conviction bail at common law was not a right, but a matter of "grace" controlled by the king or legislature).

While there are procedural aspects of any bail hearing, such as notice, evidentiary and burden of proof standards, etc., the majority opinion, quoting from the Washington *Smith* case, acknowledges that bail has aspects of "[s]ubstantive law [which] prescribes norms for societal conduct and punishments for violations thereof." *Ante* at 4. These substantive aspects are the community's interest in protecting its citizens and punishing misconduct, balanced against the defendant's right to be free of punishment until proven guilty. Once the defendant is found guilty, however, the defendant's presumption of innocence is gone, and he is presumed guilty on appeal and must show reversible error in order to prevail. *In the Matter of Bolitho*, 51 Idaho 302, 6 P.2d 855 (1931). Thereafter, the

community's interest in punishment and in protection is enhanced, and the defendant's right to be free from governmental restraints diminishes. Furthermore, the prospect that the defendant after conviction will flee to avoid incarceration increases substantially. *See Kordelski v. Cook*, 621 P.2d 1176 (Okl.Cr.1980) (bases of revoking bail pending appeal are likelihood of flight and danger to society); *Petition of Bentley*, 155 Mont. 244, 467 P.2d 278 (1970) (bail appropriately revoked upon conviction); *Sellers v. United States*, 89 S.Ct. 36, 21 L.Ed.2d 64 (1968) (bail "bond may appropriately be higher after conviction than before").

Therefore, if there is no constitutional right to bail on appeal and if, as is now the statutory law in Idaho, there is no legislative right to bail on appeal for the crimes for which this defendant stands sentenced, where does that substantive right come from? Neither the majority opinion in the present case nor the opinion in *State v. Smith, supra,* relied upon by the majority, has articulated any procedural aspect or interest relevant to the right to bail pending appeal. The question of right to bail is wholly substantive at the point of appeal. "The statute challenged herein does not attempt to control a matter in which the courts have ultimate authority. There is no fundamental right to bail on appeal, and the effect of its denial is to require immediate commencement of a sentence rendered by the trial court and is simply another aspect of the punishment provisions of the statutory scheme." *Spitznas v. State*, 648 P.2d 1271, 1274 (Okl.Cr.1982). Therefore, the question is one of substance and public policy alone, and the legislative statute, I.C. § 19–2905, to the extent there is any conflict, should be held to control over this Court's rule, I.C.R. 46(b). Society, acting through its legislature, not this Court, is entitled to balance the competing policy considerations and determine the right to bail on appeal depending upon the seriousness of the crime and sentence.

This Court has never questioned the right of the legislature to deny bail, either

before trial or on appeal, for a person charged with first degree murder, particularly a person convicted of first degree murder and sentenced to death. Nevertheless, the rationale of majority opinion today would also permit the releasing on bail on appeal of a convicted murderer sentenced to death because it is a "procedural matter."

The defendant in this case was convicted of arson, for which he was sentenced to ten years' imprisonment, and also was convicted of being a persistent violator of the law, which means that he had at least two prior felony convictions. For being a persistent violator he received an enhanced five-year sentence. As with murderers, the legislature had authority to deny bail to such a convicted and sentenced criminal. This Court errs in ruling otherwise. I dissent.