IN THE MATTER OF ALEXANDER MONTAGUE ON HABEAS CORPUS.

*Criminal law—Exceptions before judgment—Sentence—Admission to bail.*

1. It is not the policy of our laws to put obstacles in the way of the liberty of parties who are seeking legal review, unless it is manifestly frivolous.

2. A circuit judge has no power to sentence a respondent who has filed exceptions under the statute, except upon a finding that such exceptions are frivolous, immaterial, or intended only for delay; and by making a *contrary* finding the law continues the proceedings until finally disposed of in the appellate court, and a sentence *prior* to that time is absolutely null and void.

*Habeas corpus* proceedings. Heàrd May 10, 1888. Prisoner discharged on bail May 10, 1888.

Petitioner was convicted of adultery, and filed exceptions before judgment, and was admitted to bail, and pending the determination of the case he was arrested and sentenced. The facts are sufficiently stated in the opinion.

*Wixson & Quinn, C. P. Black,* and *William P. Wells,* for petitioner.

*Moses Taggart*, Attorney General, for the people.

CAMPBELL, J.   The prisoner, after conviction, took measures to obtain a bill of exceptions, which was signed by the circuit judge, and removed, in the proper way, to this Court. He was already under bail for appearance in due time for sentence.

Subsequently the circuit judge, without any order from this Court, had him arrested and sentenced, the proceedings still pending in this Court, and refused bail, although finding that the questions were of a serious nature on the record returned here.

The statute (section 9578, How. Stat.) declares that—

" Upon the signing of such exceptions, all further proceedings in that court shall be stayed, unless it shall clearly appear to the judge that such exceptions are frivolous, immaterial, or intended only for delay; and in that case judgment may be entered and sentence awarded in such manner as the court shall deem reasonable, notwithstanding the allowance of such exceptions."

By section 9580 the party who files exceptions is entitled to be released on bail except when the offense is not of a bailable nature.

The object of the statute is to secure the right of bail until the conviction is determined in this Court, unless the circuit judge has it made to appear to him clearly that the exceptions are frivolous, immaterial, or intended only for delay, and then he may sentence.   He can only sentence on a finding to that effect.   But, after sentence and writ of error, the respondent may be admitted to bail on error, on the allowance of a circuit or Supreme Court judge, or on *habeas corpus* by this Court.   It is not the policy of our laws to put obstacles in the way of the liberty of parties who are seeking legal review, unless it is manifestly frivolous.

When the circuit judge declared the questions to be serious, he thereby adjudicated that the case was not a clearly

frivolous one, and the law itself continued the proceedings until they should be finally disposed of here. The case, thus continued, passed beyond the jurisdiction of the trial court, and that court has no further concern with it except to let to bail until the mandate of this Court restores it. A judgment rendered during that interval is a judgment beyond the authority of that court, and absolutely null and void.

The prisoner is entitled to his discharge on bail, and to be kept entitled to the same amount of bail, on proper sureties, should the original sureties surrender him or be properly changed.

The other Justices concurred.