PEOPLE *v.* GIACALONE

1. CONSTITUTIONAL LAW—RIGHT TO BAIL—CONVICTED DEFENDANT.
    A defendant in a criminal case is, with certain exceptions, entitled to have reasonable bail established as a matter of constitutional and statutory right before conviction, but after conviction a defendant is not necessarily entitled to bail (Const 1963, art 1, §§ 15, 16; CL 1948, §§ 765.5, 765.6).

2. BAIL—APPLICATION—CONVICTED DEFENDANT—COURT IN WHICH APPLICATION IS TO BE FILED—DENIAL BY TRIAL COURT.
    An application for bail after conviction may be addressed initially either to the trial court or to the Court of Appeals, and denial of an application for bail by the trial court does not preclude filing a subsequent bail application with the Court of Appeals.

3. BAIL—CONVICTED DEFENDANT—DENIAL BY TRIAL COURT—CONSIDERATION BY COURT OF APPEALS—DISCRETION.
    The Court of Appeals, in passing upon an application for bail filed by a convicted defendant after bail has been denied by the trial court, exercises its own independent discretion, but reasons given by the trial court for its decision are thoughtfully considered.

4. BAIL—CONVICTED DEFENDANT—DENIAL OF BAIL BY TRIAL COURT—APPLICATION FOR BAIL IN COURT OF APPEALS.
    The Court of Appeals, in considering an application for bail from a convicted defendant who has already been denied bail by the trial court, considers the following factors: the likelihood that defendant will appear when required in response to an order of the court, the potential of harm to the community in the defendant being at large during the pendency of an appeal, the substantiality of the grounds of appeal, and the risk to the proper administration of justice in granting bail.

REFERENCES FOR POINTS IN HEADNOTES
[1] 8 Am Jur 2d, Bail and Recognizance § 33 *et seq.*
[2–4, 8] 8 Am Jur 2d, Bail and Recognizance § 14.
[5–7] 8 Am Jur 2d, Bail and Recognizance §§ 44, 45.

5. Bail—Convicted Defendant—Application to Court of Appeals—Considerations in Determination—Likelihood of Appearance.

> The Court of Appeals will consider defendant's ties to the community, the seriousness of the offense of which he has been convicted, and the length of the term for which he has been sentenced in determining the likelihood that defendant will appear when required in response to an order of the court.

6. Bail—Convicted Defendant—Application to Court of Appeals—Considerations in Determination—Harm to Community.

> The Court of Appeals considers defendant's past conviction record and the likelihood that he will commit another offense if released, and the pendency of other untried charges against defendant in determining the potential of harm to the community if the defendant is at large during the pendency of his appeal; however, bail will not be denied on appeal merely because of community sentiment against the defendant or because of his evil reputation.

7. Bail—Convicted Defendant—Application to Court of Appeals—Considerations in Determination.

> The length of possible sentences to which defendant is exposed in other pending cases against him is not a reason for the Court of Appeals to deny a convicted defendant bail pending his appeal, because to do so would accomplish by indirection an unconstitutional denial of bail on untried charges.

8. Bail—Convicted Defendant—Denial by Trial Court—Application to Court of Appeals.

> A person convicted of illegal possession of a blackjack who is 46 years old, married with seven children under the age of 18, has a large home and roots deeply embedded in the community, frequent arrests, but only one prior misdemeanor conviction, and substantial ground for appeal is entitled to bail, where he has always appeared previously when required, the crime of which he was convicted was not an assaultive crime, and there is nothing in the record to indicate that he will not comply with the conditions of a bond.

Original proceeding in Court of Appeals. Submitted Division 1 February 24, 1969, at Detroit. (Docket No. 6,971.) Decided March 13, 1969.

Vito Giacalone was convicted of illegal possession of a blackjack in Wayne County Circuit Court. His motion for release on bail pending appeal was denied in that court by Victor J. Baum, J. Defendant has appealed his conviction, and now petitions the Court of Appeals for release on bail pending review of his conviction. Petition granted.

*Louisell & Barris,* for petitioner.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Robert C. Goussy* and *John A. Wilson,* Assistant Attorneys General, for the people.

BEFORE: LEVIN, P. J., and QUINN and T. M. BURNS, JJ.

PER CURIAM. Defendant Vito Giacalone was convicted of the offense of possession of a blackjack. MCLA § 750.224 (Stat Ann 1962 Rev § 28.421). He was sentenced by the trial judge to a term of 4–3/4 to 5 years. Following denial of his motion for a new trial, he filed a claim of appeal with our Court.

His application for bail on appeal was denied by the trial judge. He has now applied to us for bail.

Before conviction a defendant is, with certain exceptions, entitled to have reasonable bail established as a matter of constitutional and statutory right.[1] However, after conviction, a defendant is not necessarily entitled to bail.[2]

An application for bail after conviction may be addressed initially either to the trial court or to

---

[1] Const 1963, art 1, §§ 15, 16; MCLA §§ 765.5, 765.6 (Stat Ann 1954 Rev §§ 28.892, 28.893); 1 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 265, p 302, *et seq.*

[2] *Carbo* v. *United States* (1962), 82 S Ct 662, 7 L Ed 2d 769 (Douglas, J., as circuit justice). But the granting or withholding of bail on appeal is not a matter of mere grace or favor (*United States* v. *Mollow* [CA 7, 1926], 10 F2d 657, Butler, J., as circuit justice).

our Court, but as a matter of discretion this Court ordinarily will decline to entertain an application for bail on appeal unless an initial application for bail is presented to the trial judge pursuant to GCR 1963, 808.2(1).[3] Denial of an application for bail by the trial court does not preclude filing a bail application with our Court.

If bail has been denied by the trial judge, any reasons given by him for his decision will be thoughtfully considered in our examination of any further presentation which may be made to us.[4] However, in passing upon an application for bail on appeal filed with our Court, we do not review the trial judge's earlier exercise of his discretion in denying bail; rather we exercise our own independent discretion.[5]

In passing upon an application for bail on appeal we consider the following factors:

1. *The likelihood that the defendant will appear when required in response to the order of the Court.*[6] In that connection we consider the defendant's ties to the community,[7] the seriousness of the offense and the length of the term for which he has been sentenced.[8]

---

[3] However, as a matter of discretion, an appellate court may, in the interest of the orderly administration of justice, require that an application for bail be submitted initially to the trial judge so that his views thereon may become known to the appellate court. *United States* v. *Allied Stevedoring Corporation* (1956), 76 S Ct 1068, 1 L Ed 2d 23 (Frankfurter, J., as circuit justice).

[4] *Cf. Leigh* v. *United States* (1962), 82 S Ct 994, 8 L Ed 2d 269 (Warren, C. J., as circuit justice) ; *Herzog* v. *United States* (1955), 75 S Ct 349, 99 L Ed 1299 (Douglas, J., as circuit justice) ; *Cohen* v. *United States* (1961), 82 S Ct 8, 7 L Ed 2d 13 (Douglas, J., as circuit justice) ; *Roth* v. *United States* (1956), 77 S Ct 17, 1 L Ed 2d 34 (Harlan, J., as circuit justice) ; *United States* v. *Motlow, supra.*

[5] 2 Gillespie, Michigan Criminal Law & Procedure (2d ed), 1968 Cum Supp, § 796, p 98, and cases cited in footnote 4.

[6] *Carbo* v. *United States, supra; Leigh* v. *United States, supra.*

[7] *Bandy* v. *United States* (1960), 81 S Ct 197, 198, 5 L Ed 2d 218 (Douglas, J., as circuit justice).

[8] *Ellis* v. *United States* (1959), 79 S Ct 428, 3 L Ed 2d 565 (Warren, C. J., as circuit justice).

2. *The potential of harm to the community in the defendant being at large during the pendency of the appeal.*[9] We consider the defendant's past conviction record in assessing the likelihood of his committing another offense if released.[10] We also consider the pendency of other untried charges against the defendant. However, bail will not be denied on appeal "merely because of the community's sentiment against the accused nor because of an evil reputation"[11] or because of the pendency of other charges against the defendant—to do so would be in effect to deny bail on untried charges, which ordinarily cannot be done. The responsibility for fixing the amount of bail for an untried charge is vested in the trial judge to whom the defendant addresses his application for bail on that charge.[12]

3. *The substantiality of the grounds of appeal.*[13] Bond on appeal will be denied if the Court becomes convinced that the appeal is clearly without arguable

---

9 *Rehman* v. *California* (1964), 85 S Ct 8, 13 L Ed 2d 17 (Douglas, J., as circuit justice) ; *Carbo* v. *United States, supra; Leigh* v. *United States, supra; State* v. *Olson* (1967), — SD — (152 NW2d 176).

10 *Leigh* v. *United States, supra.* However, in *Cohen* v. *United States, supra,* Justice Douglas, sitting as circuit justice, in admitting the prisoner to $100,000 bail pending his appeal to the Court of Appeals observed (p 14) :

"Bail is 'basic to our system of law.' *Herzog* v. *United States, supra.* Though it is not available as a matter of right in every case, and though it may at times be abused, equal justice under law requires that bail not be denied even a notorious law-violator if he has a substantial question to be resolved on appeal."

11 *Carbo* v. *United States, supra.*

12 *Cf. Sellers* v. *United States* (1968), 89 S Ct 36, 38, 21 L Ed 2d 64 (Black, J., as circuit justice).

13 "It is not enough that I am unimpressed. I must decide whether there is a school of thought, a philosophical view, a technical argument, an analogy, an appeal to precedent or to reason commanding respect that might possibly prevail. * * * There is room for argument on many rules of law and on most of their applications. The shadow of a doubt across one's own conclusions is itself sufficient where bail is involved. * * * Doubts whether it should be granted or denied should always be resolved in favor of the defendant. See the opinion of Mr. Justice Butler, as circuit justice, in *United States* v. *Motlow* (CA 7, 1926) 20 F2d 657, 663." *Herzog* v. *United States, supra,* 75 S Ct 351, 99 L Ed 1301.

merit and, thus, the appeal may well have been taken and the application for bail filed primarily for purposes of delay.

4. *The risk to the proper administration of justice.* Bail may be denied where to allow the defendant his liberty would impede the administration of justice.[14]

Immediately after the defendant was sentenced, defendant's counsel asked the court to set bond on appeal. In denying that request, the trial judge stated:

"Vito Giacalone stands here now a convicted felon. He is a wealthy, powerful, cunning, well-connected criminal. He has been sentenced to almost five years in prison. He faces a state charge which carries a 20-year prison term. He faces federal prosecution which his lawyer informed me earlier could result in imprisonment for 47 years. He also faces at least two other minor criminal charges, one in Recorder's Court and one in this court.

"In view of the bleak prospects facing this defendant and his vast resources of wealth, power and associates, there is an appreciable risk of flight if he is released. A money bond would not materially alter that risk.

"Second, based on the investigation of the probation department and the testimony given under oath before the United States Senate Subcommittee on Investigations of the 88th Congress (testimony which, I might add, was given by honest, knowledgeable men who testified subject to the penalty of

---

[14] See *In re Colacasides* (1967), 6 Mich App 298 (interference with 1-man grand juror's power to enforce his orders); *Carbo* v. *United States, supra* (threats to and intimidation of witnesses); *Ellis* v. *United States, supra* (sentence would be served before adjudication of appeal); *State* v. *Olson, supra* (defendant released on bond pending appeal of another conviction where both the sentence for that conviction and the sentence as to which instant bail application is filed are to be served concurrently; to deny bail on instant application might extend total incarceration).

perjury) I am satisfied that Vito Giacalone is, and for virtually all of his adult life has been a participant in a large-scale organized criminal conspiracy.

"I am satisfied from the transcript of the Senate Subcommittee hearings and from the Report of the President's Commission on Law Enforcement and Administration of Justice (pages 19 and 45 of the Task Force Report on *Organized Crime*) that it is a part of the code of that conspiracy to obstruct justice by corrupting, intimidating and destroying witnesses. See also the basic Report of the President's Commission on Law Enforcement and Administration of Justice, entitled *The Challenge of Crime in a Free Society*, page 198.

"Faced with the possibility of confinement into old age, I do not believe that this defendant will allow justice to take its unfettered course. On the contrary, I believe that this defendant will follow the code of the conspiratorial group and will tamper with witnesses. I do not propose to make it easier for Vito Giacalone to tamper with witnesses, although I recognize that even with him behind bars the public will not be spared this kind of obstruction of justice. We will only end such obstruction when we rid the community of organized crime.

"Third, the defendant does not stand before the court merely as an accused person. He stands before the court as a convicted felon. He had a fair trial before an impartial jury who were uninfluenced by pretrial publicity and unaware of his reputed 'Mafia' connections. He was brilliantly defended at his trial by highly skilled lawyers. He was found guilty by a jury of his peers.

"Admittedly his motion to suppress evidence raised difficult search and seizure questions. There are other legal questions in the case. But these questions received very careful consideration from this court before being decided against him.

"I do not suggest that I am infallible or that my decision cannot conceivably be reversed by a higher

court. It is conceivable that my decision might be, but that possibility alone does not outweigh the considerations which favor revocation of bail.

"Fourth, if there should be a reversal, it will be based upon a technical point and not because the evidence fails to show guilt on the merits of the case. In short, as a matter of fact, the defendant is clearly guilty. Under these circumstances I do not see the wisdom or justice in allowing him to walk the streets freely for years while his appeal is processed. I am satisfied that his appeal will be diligently prosecuted while he is in prison.

"Fifth, if the criminal penalty is to serve its function as a deterrent, it must operate with celerity. Experts in the behavioral sciences uniformly tell us that delay in the application of the penalty deprives it of much of its deterrent effect. If Vito Giacalone walks the streets freely, three to four years after his conviction, as some wealthy criminals have, the deterrent effect of his sentence will be greatly watered down.

"In view of these considerations, this court cannot in good conscience release him on bail."

The fact that the defendant stands before the court as a convicted person is true in every case where bond is sought on appeal. The only significance of this fact is that defendant is no longer constitutionally entitled to have bond set as an absolute right. The fact that the defendant has been convicted is not always a legally relevant reason for denying bail on appeal. The fact that a defendant had a fair trial or had a good defense is relevant to this Court only so far as those facts negate the substantiality of his claim of appeal.

Although the trial judge stated he did not "believe that reversal is a certainty, nor do I believe it is even probable," his statement:

"Admittedly his motion to suppress evidence raised difficult search and seizure questions. There are other legal questions in the case. But these questions received very careful consideration from this court before being decided against him.

"I do not suggest that I am infallible or that my decision cannot conceivably be reversed by a higher court. It is conceivable that my decision might be, but that possibility alone does not outweigh the considerations which favor revocation of bail.",

parallels our own conclusion following our examination of the trial judge's revised opinion on motion to suppress evidence and opinion on motion for a new trial. It cannot be said that the defendant's appeal is without arguable merit.

Despite the statements made by the trial judge regarding possible intimidation of witnesses, no claim has been made by the people that the defendant has attempted to intimidate witnesses or obstruct justice in this or any other pending case.

The length of the possible sentences to which the defendant is exposed in other pending cases is not a reason for this Court to deny bail. To deny bail on that ground would accomplish by indirection an unconstitutional denial of bail on the pending untried charges.

The moving papers state without contradiction that the defendant is 46 years of age, married, and has 7 children ranging up to the age of 18 years, has a large home and has roots deeply imbedded in the community. While the defendant has frequently been arrested, his only prior conviction was in 1960 for a misdemeanor for which he was sentenced to 90 days in the Detroit House of Correction and a $300 fine.

There being substantiality to the appeal, we should not deny bond unless we are convinced that bail should be denied because of the danger of flight,

potential of harm to the community or risk to the proper administration of justice.[15]

The defendant was released on $1,000 bond pending trial in this case and appeared when required. There is nothing in the record before us to indicate that he will not comply with the conditions of a bond, if one is granted.

The crime of which defendant has been convicted is not an assaultive crime. The blackjack was not found on his person but in a dresser drawer in his bedroom. The defendant has no record of conviction for commission of assaultive crime. His reputation as an evil-doer is not a relevant consideration.

It is not claimed that there has been any obstruction of justice in this case. The defendant's counsel assures us that the brief on appeal will be filed when due early next month. If the people file their brief on time, this case could be heard before our Court adjourns in June if the parties, or one of them, file a motion for early hearing and a panel of our Court decides that this case is entitled to precedence over other pending cases.

The defendant shall be released upon posting a $25,000 surety bond with the clerk of the Wayne circuit court conditioned on his prosecution of this appeal in the manner required by the general court rules and his obedience to the orders of this Court.

---

[15] "It is not the policy of our laws to put obstacles in the way of the liberty of parties who are seeking legal review, unless it is manifestly frivolous." *In re Montague* (1888), 70 Mich 157, 158, allowing bail on appeal.