PEOPLE v SLIGH

Docket No. 81963. Decided November 17, 1988.

Stanley L. Sligh was convicted by a jury in Detroit Recorder's Court, Geraldine Bledsoe Ford, J., of second-degree murder. The Court of Appeals, GRIBBS, P.J., and HOLBROOK, JR., and N. J. LAMBROS, JJ., reversed in an unpublished opinion per curiam and remanded the case for a new trial (Docket No. 93016). The people applied for leave to appeal, and the Supreme Court, in lieu of granting leave to appeal, ordered the application held in abeyance pending decision in other cases before the Court. Thereafter, the defendant moved for release on personal recognizance pending final disposition of the people's application and for immediate consideration of his motion for release.

In a unanimous opinion per curiam, the Supreme Court *held:*

During the pendency of a plaintiff's application for leave to appeal in the Supreme Court from a Court of Appeals reversal of a criminal conviction, a motion by the defendant for bond pending appeal is governed by §§ 8 and 9 or 9a of Chapter 10 of the Code of Criminal Procedure.

Sections 8 and 9 of the Code were amended by 1977 PA 34 to provide that a defendant may be admitted to bail pending appeal, provided the offense charged is bailable and is not an assaultive crime as defined by § 9a. The obvious primary purpose of the amendments was to enact restrictive preconditions on admission to bail on appeal by defendants convicted of assaultive crimes, creating an implication that the statute is to apply in situations such as the instant case. Changes in terminology also imply that a defendant need not be an appellant in a postconviction appeal for the provisions to apply. The amendments additionally are consistent with § 12.

The defendant's motion for immediate consideration is granted and his motion for release on personal recognizance is denied.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

*Robert M. Morgan* for the defendant.

PER CURIAM. The issue in this case is which statute applies to a defendant's motion for bond pending a prosecutor's appeal to this Court from a decision of the Court of Appeals which reverses a defendant's felony conviction and remands for a new trial. Defendant argues that the applicable statute is that covering appeals by the people from a court of record, MCL 765.7; MSA 28.894. Plaintiff argues for application of the statutes covering postconviction appeals, MCL 770.8; MSA 28.1105, MCL 770.9; MSA 28.1106, and MCL 770.9a; MSA 28.1106(1). While none of these statutes was written with the present situation in mind, we hold that the statutes covering postconviction appeals are more apt.

I

Defendant was tried on a charge of second-degree murder before a jury of the Recorder's Court of the City of Detroit. The victim was a former roommate of defendant. The victim's body was found outside defendant's house. Part of the evidence used against defendant was a statement given by defendant to police several hours after his arrest. In it, defendant said he had been sleeping on his couch when he was awakened by an intruder. Claiming to have been fearful for his life, defendant admitted beating the victim with a table leg. The trial court instructed the jury on second-degree murder and self-defense, but refused a defense request to instruct on manslaughter. The jury found defendant guilty of second-degree murder.

Defendant appealed in the Court of Appeals, which reversed in an unpublished per curiam

opinion decided October 14, 1987 (Docket No. 93016). The Court found that two preserved claims of error required reversal: the failure to instruct on voluntary manslaughter, and an argument by the trial prosecutor about defendant's failure to tell his story to police at the time of his arrest.

Plaintiff filed a timely application for leave to appeal in this Court. We ordered the application held in abeyance for cases pending before this Court.[1]

Defendant has filed a motion for release on personal recognizance, pending final disposition of plaintiff's application,[2] and a motion for immediate consideration of the motion for release.

II

Defendant argues that he is no longer incarcerated pursuant to a presumptively valid conviction. He argues that he should be treated as if he were an incarcerated defendant who has been awaiting trial since the date of the Court of Appeals decision. Defendant argues that he has a right to post bail on personal recognizance under Const 1963, art 1, §§ 15 and 16[3] and MCL 765.7; MSA 28.894.

[1] The cases are *People v McReavy*, 429 Mich 857 (1987), *People v Sutton*, 429 Mich 858 (1987), and *People v Cetlinski*, 429 Mich 858 (1987).

[2] A similar motion was considered and denied by the trial court.

[3] Const 1963, art 1, § 15 provides:

No person shall be subject for the same offense to be twice put in jeopardy. All persons shall, before conviction, be bailable by sufficient sureties, except that bail may be denied for the following persons when the proof is evident or the presumption great:
(a) A person who, within the 15 years immediately preceding a motion for bail pending the disposition of an indictment for a violent felony or of an arraignment on a warrant charging a violent felony, has been convicted of 2 or more violent felonies under the laws of this state or under substantially similar laws

MCL 765.7; MSA 28.894 provides:

> If an appeal is taken by or on behalf of the people of the state of Michigan from a court of record, the defendant shall be permitted to post bail on his or her own recognizance, pending the prosecution and determination of the appeal, unless the trial court determines and certifies that the character of the offense, the respondent, and the questions involved in the appeal, render it advisable that bail be required.

Plaintiff argues that admission to bail in any

of the United States or another state, or a combination thereof, only if the prior felony convictions arose out of at least 2 separate incidents, events, or transactions.

(b) A person who is indicted for, or arraigned on a warrant charging, murder or treason.

(c) A person who is indicted for, or arraigned on a warrant charging, criminal sexual conduct in the first degree, armed robbery, or kidnapping with intent to extort money or other valuable thing thereby, unless the court finds by clear and convincing evidence that the defendant is not likely to flee or present a danger to any other person.

(d) A person who is indicted for, or arraigned on a warrant charging, a violent felony which is alleged to have been committed while the person was on bail, pending the disposition of a prior violent felony charge or while the person was on probation or parole as a result of a prior conviction for a violent felony.

If a person is denied admission to bail under this section, the trial of the person shall be commenced not more than 90 days after the date on which admission to bail is denied. If the trial is not commenced within 90 days after the date on which admission to bail is denied and the delay is not attributable to the defense, the court shall immediately schedule a bail hearing and shall set the amount of bail for the person.

As used in this section, "violent felony" means a felony, an element of which involves a violent act or threat of a violent act against any other person.

Const 1963, art 1, § 16 provides:

> Excessive bail shall not be required; excessive fines shall not be imposed; cruel or unusual punishment shall not be inflicted; nor shall witnesses be unreasonably detained.

postconviction appeal is governed by MCL 770.8; MSA 28.1105 and MCL 770.9; MSA 28.1106 (for nonassaultive crimes) or MCL 770.9a; MSA 28.1106(1) (for assaultive crimes). The last-cited statute requires, as a precondition for admission to bail, proof by clear and convincing evidence that the defendant is not likely to pose a danger to other persons and that the appeal or application raises a substantial question of law or fact.

### III

The statutes cited by the parties were written prior to the creation of the Court of Appeals. Neither of the statutes, as originally enacted, contains any reference to admission to bail pending further review of an intermediate appellate court reversal of a conviction. However, amendments of the statutes relied on by plaintiff contain slight but sufficient indications of legislative intent to apply to this situation.

The statute relied on by defendant, MCL 765.7; MSA 28.894, was first enacted as § 7 of Chapter 5 of the Code of Criminal Procedure in 1927 PA 175. The other sections of that chapter refer to pretrial bail procedures, MCL 765.1 *et seq.;* MSA 28.888 *et seq.,* former 1929 CL 17163 *et seq.*[4]

The statutes relied on by plaintiff, MCL 770.8; MSA 28.1105, MCL 770.9; MSA 28.1106, and MCL 770.9a; MSA 28.1106(1) are §§ 8, 9, and 9a of Chapter 10 of the Code of Criminal Procedure.

---

[4] 1929 CL 17366 granted the prosecutor the right to take a writ of error from a decision quashing an indictment, arresting judgment, or directing a judgment of acquittal "where such decision is based upon the invalidity or construction of the statute upon which such indictment is founded." That section indicated: "The right of defendant to bail upon issuance of a writ of error under the provisions of this section shall be governed by the provisions of chapter five of this act." Similar provisions were found at former MCL 770.12; MSA 28.1109 prior to amendment by 1988 PA 66.

Chapter 10 deals with postconviction procedures. Prior to their amendment by 1977 PA 34, §§ 8 and 9 provided:

> Sec. 8. During the time between judgment and the decision of the supreme court or any justice thereof on the application for a writ of error under this act, the trial judge may, in his discretion, admit the defendant to bail, if the offense charged is bailable.
> Sec. 9. Upon granting application for a writ of error the appellant may, in the discretion of the supreme court or any justice thereof, be admitted to bail, if the offense charged be bailable.

These sections and that relied on by defendant were written almost forty years prior to creation of the Court of Appeals. There is nothing to suggest that they were intended to deal with the possibility of a further appeal after a reversal by a then-nonexistent intermediate appellate court.

Sections 8 and 9 of Chapter 10 were amended and § 9a was added by 1977 PA 34. These now provide:

> Sec. 8. During the time between the trial court judgment and the decision of the court to which an appeal is taken, the trial judge may admit the defendant to bail, if the offense charged is bailable and if the offense is not an assaultive crime as defined in section 9a of this chapter.
> Sec. 9. During the pendency of an appeal or application for leave to appeal, a justice or judge of the court in which the appeal or application is filed may admit the defendant to bail, if the offense charged is bailable and if the offense is not an assaultive crime as defined in section 9a of this chapter.
> Sec. 9a. (1) A defendant convicted of an assaultive crime and awaiting sentence shall be detained and shall not be admitted to bail, unless the trial

court finds by clear and convincing evidence that the defendant is not likely to pose a danger to other persons.

(2) A defendant convicted of an assaultive crime and sentenced to a term of imprisonment who has filed an appeal or an application for leave to appeal shall be detained and shall not be admitted to bail, unless the trial court or the court to which the appeal is taken finds by clear and convincing evidence that both of the following exist:

(a) The defendant is not likely to pose a danger to other persons.

(b) The appeal or application raises a substantial question of law or fact.

(3) As used in this section, "assaultive crime" means an offense against a person described in any of the following sections: 82 to 89, 316, 317, 321, 349 to 350, 397, 520a to 520g, 529, and 530 of Act No. 328 of the Public Acts of 1931, as amended, being sections 750.82 to 750.89, 750.316, 750.317, 750.321, 750.349 to 750.350, 750.397, 750.520a to 750.520g, 750.529, and 750.530 of the Michigan Compiled Laws.

(4) The appeal or application for leave to appeal filed by a person denied bail under this section shall be expedited pursuant to rules adopted for that purpose by the supreme court.

The obvious primary purpose of the amendments was to enact restrictive preconditions on admission to bail on appeal by defendants convicted of assaultive crimes.[5] There are, however, three changes that create an implication that the Legislature intended the statute to apply in the instant situation. First, § 9 was amended to refer to a "judge of the court in which the appeal or application is filed." The former language referred to a

[5] The amendment does not suggest that factors such as those listed in *People v Giacalone,* 16 Mich App 352; 167 NW2d 871 (1969), do not have continued relevance to all crimes, assaultive or not. See also anno: *Right of defendant in state court to bail pending appeal from conviction—Modern cases,* 28 ALR4th 227.

"justice" and "the supreme court." This change of language implies recognition of the existence of the Court of Appeals. There is no mention of the applicability of the statute to a reversal of a conviction by the Court of Appeals and subsequent appeal to this Court.

Second, the amendment also changed terminology from "appellant"[6] in the former statute to "defendant." This change implies that the defendant need not be the appellant in a postconviction appeal for the provisions of the sections to apply. This argument supports plaintiff's position. It is based on a rather subtle, ambiguous way to deal with a situation which could easily be addressed by a direct statement on whether the statutes apply.

Third, 1977 PA 34 amended subsection (2) of § 12, MCL 770.12; MSA 28.1109 (the prosecutor's appeal section), to provide:

> The right of the defendant to bail upon appeal under this section shall be governed by section 9a of this chapter and section 7 of chapter 5 [MCL 765.7; MSA 28.894].

This language[7] directly evidences a legislative in-

---

[6] In the former statute "appellant" could only refer to defendant.

[7] As amended by 1977 PA 34, MCL 770.12; MSA 28.1109, provided the people with the following right of appeal:

(1) An appeal may be taken by and on behalf of the people of this state from a court of record in all criminal cases, in any of the following instances:

(a) From a decision or judgment quashing or setting aside an indictment, information, or other charging instrument, or a count thereof, where that decision or judgment is based upon the invalidity or construction of the statute upon which the indictment, information, or other charging instrument is founded.

(b) From a decision arresting a judgment of conviction or directing a judgment of acquittal for insufficiency of the indict-

tent that bail for a defendant convicted of an assaultive crime be determined under § 9a, even when the plaintiff is the appellant. That intent would apply to this case. The language is ambiguous. It refers to appeals permitted the people under § 12. Prior to the change effected by 1988 PA 66 the statute did not include appeal by the people of an intermediate appellate court reversal of a conviction.

The Legislature's expression of its intent to apply § 9a to the instant situation is clear enough that it should be given effect despite the imperfection of the language used.[8] We hold today that,

ment, information, or other charging instrument, where the decision is based upon the invalidity or construction of the statute upon which the indictment, information, or other charging instrument is founded.

(c) From a decision or judgment sustaining a special plea in bar, when the defendant has not been put in jeopardy, or from another order of the court relative to admission of evidence or proceedings had or made before the defendant is put in jeopardy.

This portion of § 12 was further amended by 1988 PA 66, which applies only to crimes committed on or after March 30, 1988. Generally, the section now permits appeals consistent with double jeopardy limitations. It is now broad enough to include the present situation. However, as with 1977 PA 34, there is no direct comment on the issue before us.

[8] We note that the intent indicated by the Legislature in 1977 PA 34 is consistent with the limitation placed on preconviction bail by the amendment of Const 1963, art 1, § 15, adopted at the general election of 1978. Prior to the amendment, the constitution contained restrictions on preconviction admission to bail only when the charge was murder or treason. After amendment, extensive restrictions were added for other violent felonies, see n 3. While the constitutional provision is different from § 9a, the differences are not critical because we cite the constitutional provision only by analogy. By its terms, the constitutional provision applies to bail before conviction. Defendant has been convicted. That conviction shows that the trial court and jury, if any, were convinced of defendant's factual guilt. The same evidence should suffice for a showing that "the proof is evident or the presumption great" under the constitutional provision. Even if the constitutional provision applied, this defendant would not automatically qualify for bail because he is charged with murder. Const 1963, art 1, § 15(b).

during the pendency of a plaintiff's application for leave to appeal to this Court from a Court of Appeals reversal of a criminal conviction, a motion by the defendant for bond pending appeal will be governed by §§ 8 and 9 or 9a, as applicable, of Chapter 10 of the Code of Criminal Procedure. Defendant does not argue that he qualifies for bond under those conditions.[9] We therefore grant defendant's motion for immediate consideration and deny his motion for release on personal recognizance.

RILEY, C.J., and LEVIN, BRICKLEY, CAVANAGH, BOYLE, ARCHER, and GRIFFIN, JJ., concurred.

---

[9] See n 8.