607 N.W.2d 59 (2000)
PEOPLE of the State of Michigan, Plaintiff-Appellant,
v.
Joseph Edmund PUERTAS, Defendant-Appellee.
Docket No. 116333, COA No. 224173.
Supreme Court of Michigan.
March 3, 2000.
On order of the Court, the motion for immediate consideration is considered, and *60 it is GRANTED. The application for leave to appeal from the February 10, 2000 decision of the Court of Appeals also is considered and, pursuant to MCR 7.302(F)(1) and MCR 7.316(A)(1)and(7), we VACATE the order of the Court of Appeals and DENY the defendant's motion for bond pending appeal. The defendant does not satisfy the criteria for release on an appeal bond. MCR 7.209 and People v. Giacalone, 16 Mich.App. 352, 167 N.W.2d 871 (1969).
We further ORDER that the defendant report to the Department of Corrections, the Oakland County Sheriff or the Michigan State Police not later than 3:00 p.m. on March 4, 2000. If the defendant fails to report by that time, the Oakland County Circuit Court must issue a warrant for his immediate arrest.
MARKMAN, J., states as follows:
Because I do not share the premise of the dissent that there are different appellate standards of review for the grant or denial of appeal bonds by this Court and by the Court of Appeals, I join with the majority. I find no abuse of discretion on the part of the trial court.
MARILYN J. KELLY, J., dissents and states as follows:
I would affirm the Court of Appeals, which has twice considered and granted defendant's request to be free on bond pending the appeal of his conviction. In my view, the Court did not abuse its discretion on either occasion.
At sentencing, defendant motioned the trial court for an appeal bond. After hearing brief argument from both the defense counsel and the prosecution, the trial court simply denied the motion, not articulating its reasons. The court gave no indication that it had considered the appropriate factors, as set forth in People v. Giacalone, 16 Mich.App. 352, 167 N.W.2d 871 (1969). When defendant appealed from the denial of bond, the Court of Appeals reversed.
Upon the prosecutor's emergency application for leave to appeal, the Supreme Court by majority vote vacated the Court of Appeals order and remanded the case for reconsideration. It instructed the Court of Appeals to "expedite its reconsideration of the motion and issue a new order that specifically delineates the rationale for either granting or denying the motion." 461 Mich. 959 (2000). Pending reconsideration of his bond request, it ordered defendant to report to the Department of Corrections for incarceration.
Defendant complied with the majority's order and surrendered himself to the Oakland County Sheriff.[1] He was then released after the Court of Appeals granted his motion for an appeal bond for the second time.
As instructed by the majority, the Court of Appeals majority reconsidered defendant's motion for a bond. It considered carefully each of the Giacalone factors and held that there was "no legal reason to deny bond pending appeal."[2]
The prosecutor has appealed again. This time, the majority of the Supreme Court has decided without explanation that the Court of Appeals majority was simply wrong and has vacated its order. The impression created is that the majority has ignored the analysis that the Court of Appeals undertook at its instruction and failed to give the deference to its decision that is due.
Considering the unique facts of this case, along with the reasons the Court of Appeals articulated in support of its decision, *61 I am not convinced that it abused its discretion.
MICHAEL F. CAVANAGH, J., joins in the statement of MARILYN J. KELLY, J.
NOTES
[1] This fact enforces my impression that defendant is not a flight risk.
[2] Giacalone, supra, instructs the reviewing court to thoughtfully consider the trial court's reasons for denying an appeal bond. However, as previously noted, the Court of Appeals panel in the present case had no rationale or explanation from the trial court to review.