615 N.W.2d 216 (2000)
PEOPLE of the State of Michigan, Plaintiff-Appellant,
v.
Larry NEVERS, Defendant-Appellant.
Docket No. 117003, COA No. 227401.
Supreme Court of Michigan.
July 17, 2000.
On order of the Court, the motion for immediate consideration is GRANTED. The application for leave to appeal from the May 26, 2000, decision of the Court of Appeals is considered, and, pursuant to MCR 7.302(F)(1), we REVERSE the order of the Court of Appeals granting the defendant's motion for bond pending appeal.
The Court of Appeals evaluated the case using the factors listed in People v. Giacalone, 16 Mich.App. 352, 167 N.W.2d 871 (1969). However, bond pending appeal from an assaultive crime is specifically governed by the stricter standard of M.C.L. § 770.9a, M.S.A. § 28.1106(1), which requires "clear and convincing evidence" (1) that defendant is not likely to pose a danger to others, and (2) that the appeal raises a substantial question of law or fact. The Court of Appeals did not consider the motion for bond in terms of this statute.
The Court of Appeals focused on the only disputed issue, i.e., whether the instruction on a cognate offense, over defense objection, was a substantial ground for appeal. The Court of Appeals concluded that it was in light of a statement contained in People v. Perry, 460 Mich. 55, 61 n. 17, 594 N.W.2d 477 (1999), in which we indicated an interest in revisiting the law as it pertains to lesser offense instructions. However, the Court of Appeals erred as a matter of law in relying on our statement in Perry as a basis for assessing the merits of defendant's appeal. Speculation about when, if ever, this Court may revisit the law regarding lesser offense instructions does not constitute "clear and convincing evidence" of a "substantial question of law" under M.C.L. § 770.9a; MSA 28.1106(1).
We further ORDER that the defendant report to the Department of Corrections, the Wayne County Sheriff, or the Michigan State Police no later than 3:00 p.m. on July 18, 2000. If the defendant fails to report by that time, the Wayne County Circuit Court must issue a warrant for his immediate arrest.
MARKMAN, J., not participating.
MARILYN J. KELLY, J., concurs and states as follows:
I concur in the result reached by the majority. However, I write separately because I believe that we should make a clearer statement why we are not applying the Giacalone[1] factors.
In certain cases, Giacalone factors are applied to determine whether a bond on appeal is appropriate. For example, recently in People v. Puertas,[2] the defendant was found guilty of drug possession and of conducting an illegal enterprise. We remanded *217 the Puertas case to the Court of Appeals specifically for application of the Giacalone factors.
However, here, defendant was found guilty of the assaultive crime of involuntary manslaughter. The standard for determining whether an appeal bond should be granted after a conviction for an assaultive crime is laid out in M.C.L. § 770.9a; MSA 28.1106(1).[3] Consequently, unlike in Puertas, here the statutory, rather than the Giacalone, factors apply.
I write separately, also, because I disagree with the basis on which the majority rejects defendant's application. It rejects the application because the latter speculates when, if ever, this Court will revisit the law regarding lesser offense instructions. I prefer to lay down a sound, factually based and objective principle for determining whether grounds for appeal raise a substantial question of law.
Here, defendant's reliance on our language in People v. Perry[4] to create a substantial question of law is misplaced. In Perry, the Court stated that it is "prepared in a more appropriate case to consider adopting the federal model" that does not allow cognate lesser instructions. Id. at 61, n. 17, 594 N.W.2d 477.
A cognate lesser offense shares some common elements with the charged offense, is of the same class and category, but has some additional elements not found in the greater offense. Perry, supra at 61, 594 N.W.2d 477. Defendant was charged with second-degree murder. The jury was given instructions on the murder charge and on the lesser included offense of involuntary manslaughter. Involuntary manslaughter does not require an additional element beyond those required for the charged offense of second-degree murder. See, generally, People v. Datema, 448 Mich. 585, 533 N.W.2d 272 (1995). Thus, defendant's jury was not instructed on a cognate lesser offense and our statement in Perry is not applicable to defendant's case.
On that basis, it is evident that defendant has failed to demonstrate clear and convincing evidence that raises a substantial question of law, justifying the grant of a bond on appeal. Accordingly, I concur with the majority that the Court of Appeals erred in reversing the trial court's decision denying bond to defendant.
MICHAEL F. CAVANAGH, J., dissents and states as follows:
I would deny leave to appeal in this case. The Court of Appeals correctly concluded that in People v. Perry, 460 Mich. 55, 61, n. 17, 594 N.W.2d 477 (1999), this Court put the bench and bar on notice that we would consider adopting the federal model for lesser included offense instructions in an appropriate case. The Court of Appeals substantiality ruling further rested on the fact that the prosecutor in Perry argued in favor of the federal model, whereas the prosecutor in the present case argued a distinguishable position. I agree with the Court of Appeals that the apparent conflict in prosecutorial viewpoints, when coupled with this Court's express willingness to revisit the cognate instruction issue, defeats any contention that the present case is without arguable merit. Moreover, the Court of Appeals application of People v. Giacalone, 16 Mich.App. 352, 355, 167 N.W.2d 871 (1969), sufficiently addressed the issues essential to the disposition of this case.
The majority summarily concludes that speculation by this Court about a future case is legally insufficient to "constitute clear and convincing evidence of a substantial question of law" pursuant to M.C.L. § 770.9a; MSA 28.1106(1). I disagree *218 with the majority for two primary reasons. First, an opinion of this Court that explicitly expresses a willingness to revisit a particular area of the law, in no uncertain terms, provides evidence that the Court believes substantial issues are left for future disposition. The Court of Appeals could not have applied Giacalone more precisely. Second, the majority's analysis necessarily assumes that M.C.L. § 770.9a; MSA 28.1106(1) renders the Giacalone factors irrelevant in cases involving assaultive crimes. Despite the majority's desire to attach its own meaning to M.C.L. § 770.9a; MSA 28.1106(1), case law from this Court makes it clear that the Giacalone factors are relevant to assaultive crimes arising under the statute. People v. Sligh, 431 Mich. 673, 679, n. 5, 431 N.W.2d 395 (1988) (stating that "the amendment does not suggest that factors such as those listed in People v. Giacalone do not have continued relevance to all crimes, assaultive or not"); People v. Adkins, 439 Mich. 914, 478 N.W.2d 665 (1992) (citing Giacalone and M.C.L. § 770.9a; MSA 28.1106[1] in conjunction with one another). Thus, I would read M.C.L. § 770.9a; MSA 28.1106(1) in conjunction with Giacalone.
While I agree with the majority that the statutory "clear and convincing" language is stricter than the language employed in Giacalone, the Court of Appeals analysis was sufficient to satisfy the higher statutory standard. Although the Court of Appeals wrote that it needed to be "convinced" that the appeal was "clearly without arguable merit" in order to find a lack of "substantial grounds for appeal" rather than specifically stating that there needed to be "clear and convincing evidence" that the appeal raises a "substantial question" of law or fact, the Court of Appeals addressed the relevant issues presented by this case. Regardless of whether one applies Giacalone or M.C.L. § 770.9a; MSA 28.1106(1), the Court of Appeals opinion is sustainable. I, therefore, disagree with the decision to reverse, and would instead vote to deny leave at this time.
NOTES
[1] People v. Giacalone, 16 Mich.App. 352, 167 N.W.2d 871 (1969).
[2] 461 Mich. 959, 609 N.W.2d 184 (2000).
[3] For a bond to be granted, the statute requires clear and convincing evidence (1) that defendant is not likely to pose a danger to others, and (2) that the appeal raises a substantial question of law or fact.
[4] 460 Mich. 55, 594 N.W.2d 477 (1999).