736 P.2d 864

**STATE of Idaho, Plaintiff-Respondent,**

v.

**John B. TREFREN, Defendant-Appellant.**

**No. 16238.**

Court of Appeals of Idaho.

April 30, 1987.

---

fused to rule because Trefren was not present at the hearing. In a later proceeding, Trefren changed his plea from not guilty to guilty. Trefren was still represented by the same attorney whose motion to withdraw was pending. The district court accepted the plea and entered judgment, sentencing Trefren to a ten-year, indeterminate period. Trefren then filed a notice of appeal and requested that he be released on bail pending the appeal. The district court refused that request. As noted, Trefren raises two issues on appeal. We will address each issue in turn.

Van G. Bishop, Nampa, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

John Trefren pled guilty to one count of grand theft and was sentenced to the custody of the State Board of Correction for an indeterminate period not to exceed ten years. Trefren has appealed, contending (1) that he was deprived of his right to independent counsel in the district court because his attorney had an alleged conflict of interest, and (2) that the court erred in denying him bail pending appeal. We affirm the judgment.

The record reveals the following facts. Trefren and a companion were charged with grand theft of money from a business in the City of Nampa. A public defender was appointed to represent Trefren and his companion jointly. However, because of a potential conflict of interest arising from the joint representation, another attorney outside the public defender's office was assigned to represent Trefren. Trefren pled not guilty to the charge. Later, the new attorney moved to withdraw on the ground that Trefren had not kept in contact and because the attorney recently had been appointed as the Nampa City Attorney responsible for prosecuting misdemeanors. When the attorney's motion came on for hearing, the district court re-

I

Trefren asserts that he was denied his right to independent counsel because his attorney was also the city prosecutor in charge of misdemeanors. Trefren asserts that the district court failed to make an inquiry as to the alleged conflict and its impact on his defense. This error, according to Trefren, mandates a reversal of his conviction. We disagree.

Conflict of interest cases are guided by three United States Supreme Court decisions—*Wood v. Georgia*, 450 U.S. 261, 101 S.Ct. 1097, 67 L.Ed.2d 220 (1981); *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); and *Holloway v. Arkansas*, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978). The collective impact of these three cases was addressed recently by the Washington Supreme Court in *Matter of Richardson*, 100 Wash.2d 669, 675 P.2d 209 (1983). The Washington court stated:

Taken together, *Holloway*, *Sullivan*, and *Wood* create two rules. First, a trial court commits reversible error if it knows or reasonably should know of a particular conflict into which it fails to inquire. Second, reversal is always necessary where a defendant shows an actual conflict of interest adversely affecting his lawyer's performance. In neither situation need prejudice be shown.

*Id.*, 675 P.2d at 214. However, the mere possibility of a conflict is insufficient to

overturn a criminal conviction. *Cuyler v. Sullivan, supra.*

■ We conclude that both rules were satisfied in Trefren's case. Trefren's attorney brought the potential conflict of interest to the attention of the court and discussed it with the court at a formal hearing. The attorney also discussed it with Trefren. At the hearing in which Trefren informed the court of his desire to change his plea, the conflict of interest issue was again discussed. At this later hearing, Trefren stated that he intended to enter a plea of guilty and was willing to proceed with representation by his assigned attorney if the attorney had no objection. The attorney responded that he had no objection as long as his client did not object. The record shows that the attorney continued to represent Trefren during the remaining proceedings with no objection on Trefren's part. Trefren's assertion that the district court failed to inquire about the conflict of interest situation is contradicted by the record. Nor has Trefren established any manner in which his lawyer's performance was adversely affected.

■ We conclude that at most Trefren has alleged a *possible* conflict of interest. It appears from the record that no actual conflict of interest was shown. Furthermore, this Court is persuaded from the transcript of the proceeding that, if any conflict of interest was "possible," Trefren validly waived any asserted challenge to it. *See Wood v. Georgia*, 450 U.S. at 274, 101 S.Ct. at 1104. We conclude that Trefren's assertions regarding his representation by counsel lack any substantive merit which would justify reversal.

## II

Trefren's second issue on appeal is that the district court erred in refusing to admit him to bail pending the appeal. Trefren contends that the court denied the bail be-cause of the court's erroneous reliance on I.C. § 19–2905. Trefren asserts that the trial court has authority in his case to allow bail pending appeal based on I.C.R. 46(b).[1] Trefren asks this Court to remand his case for a bail hearing, so that the trial court can make a determination as to bail pending appeal based on I.C.R. 46(b).

■ Because we have upheld the judgment of conviction in the first section of this opinion, the remedy sought by Trefren would appear to be inappropriate. The issue of bail is moot at this point. The relief sought by Trefren would be more appropriate in situations where a writ of habeas corpus was sought, *In re France*, 38 Idaho 627, 224 P. 433 (1924); *In re Schriber*, 19 Idaho 531, 114 P. 29 (1911), or in situations where the defendant has petitioned the appellate court to invoke its own powers and set bail for the defendant pursuant to I.C.R. 46(b) before the appeal is heard on the merits. *See State v. Kerrigan*, 98 Idaho 701, 571 P.2d 762 (1977). However, we would note that under I.C. § 19–2905 bail is not permitted when the defendant has been sentenced to a term exceeding five years. Trefren was sentenced to a ten-year indeterminate period. Therefore, under I.C. § 19–2905, Trefren would not be eligible for bail pending appeal. Under I.C.R. 46(b) a defendant may be admitted to bail pending an appeal "unless it appears that the appeal is frivolous or taken for delay." At the hearing regarding bail pending Trefren's appeal, the district judge stated that he thought the appeal was frivolous, and that he did not know of "any basis to assume that [the] appeal [had] any merit." It is our conclusion that the court did not base its decision to deny bail pending appeal solely on I.C. § 19–2905 as asserted by Trefren. However, under neither that statute nor I.C.R. 46(b) was Trefren entitled to bail pending appeal. We find no abuse of

---

1. In *State v. Currington,* 108 Idaho 539, 700 P.2d 942 (1985), the Supreme Court ruled that the question of bail pending appeal was a matter of procedure, not substance. Any conflict between the statute, I.C. § 19–2905, and I.C.R. 46(b) was to be resolved in favor of the Rule. In 1986, the Idaho Legislature amended I.C. § 19–2905 by adding a provision stating that "Not withstanding any rule of court or statutory provision to the contrary, no court of the state shall have any power to alter the right to bail pending appeal as limited herein." 1986 Idaho Sess.Laws ch. 125, § 1, pg. 326.

discretion by the district court in denying bail pending appeal.

The judgment of conviction is affirmed.