747 P.2d 47

STATE of Idaho, Plaintiff-Respondent,

v.

John B. TREFREN,
Defendant-Appellant.

No. 16238.

Supreme Court of Idaho.

Oct. 8, 1987.

### ORDER DENYING PETITION FOR REVIEW

The Appellant having filed a PETITION FOR REVIEW on May 21, 1987 and a supporting BRIEF on June 4, 1987, seeking review of the Opinion of the Court of Appeals filed April 30, 1987, 112 Idaho 812, 736 P.2d 864; therefore, after due consideration,

IT IS HEREBY ORDERED that Appellant's PETITION FOR REVIEW be, and hereby is, DENIED and the dissent on denial of the PETITION FOR REVIEW by Bistline, J., be, and hereby is, RELEASED.

BISTLINE, Justice, dissenting from denial of petition for review.

The Court should grant review of the Court of Appeals decision. The cursory page and one-half that the lower court devoted to a substantial ineffective assistance of counsel charge does not merit a rubber stamp by this Court.

The Court of Appeals opinion at pp. 2–3, cited the law correctly but then applied it egregiously to the facts before it. The trial judge "inquiry" into defense counsel's conflict of interest, curiously not quoted by the Court of Appeals, consisted of the following brief exchange:

COURT: Now, there was a—if this was going to trial there was an issue here whether Mr. Schiller would continue to represent you because of—apparently since his appointment he has taken the job of prosecuting misdemeanor cases for the City of Nampa over there, and if you have—if you have decided to change your plea in this matter do I have to deal with that? Can you handle that as far as a plea through Mr. Schiller?

MR. TREFREN: I can—I—Well, I can deal with it just like it is now if Mr. Schiller has no objection.

MR. SCHILLER: Your Honor, I—I of course have no objection so long as my client doesn't object to me continuing because I do not handle felony cases and have no connection with the Canyon County Prosecuting Attorney's office.

COURT: Okay.

Rather than a full and fair inquiry, the trial judge's comments were more in the nature of urging the defendant to get on with it, or, as paraphrased by Trefren's counsel in his brief, "Now that you're going to plead guilty, is it all right if we go ahead with the same attorney even though he has sworn that he has a conflict of interest?"

Similarly, with an uncharacteristic lack of analysis, the Court of Appeals *concluded* without examination that no actual conflict of interest was shown. Yet Trefren's counsel had recently been hired by the Nampa City Prosecuting Attorney. At trial he would have been faced with cross-examining the Nampa City Police officers who arrested Trefren. One wonders whether he would have questioned his newly joined comrades in arms with sufficient vigor. One also wonders if it had crossed counsel's mind, even once and however briefly, that with a guilty plea he would be done with the case and could get on with the business of prosecuting alleged offenders.

This is not to suggest, *at all nor in any manner*, that Trefren's counsel did in fact go along with a guilty plea without fully exploring the negative impact with Trefren. I merely suggest that the fact that such a possibility readily occurs to an inquiring mind demonstrates why prejudice should be presumed when a clear conflict is revealed. Cf. *Holloway v. Arkansas*, 435 U.S. 475, 98 S.Ct. 1173, 1182, 55 L.Ed.2d 426 (1978).

Finally, the Court of Appeals opinion is at fault for concluding that Trefren waived his right to effective assistance of counsel. Such a right may be waived. *Glasser v. U.S.*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); however, valid waivers not only must be voluntary, but also must be intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences. *Roles v. State*, 100 Idaho 717, 722, 604 P.2d 731, 736 (1979) (Bistline, J., dissenting, quoting *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938).

The exchange among the court, counsel, and Trefren quoted above establishes *absolutely no explanation by the Court to Trefren* that by consenting to continue with current counsel he might be waiving his right to effective assistance of counsel free of conflicts of interest. Thus, no waiver occurred.

For the above reasons, my vote is to review this all too perfunctory opinion of our Court of Appeals in order to examine closely an issue the current opinion merely glosses over.