933 P.2d 106

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Ramiro Villareal ZAMORA,
Defendant–Appellant.**

No. 22345.

Supreme Court of Idaho,
Boise, January 1997 Term.

Feb. 25, 1997.

Van G. Bishop, Canyon County Public Defender; Shari L. Dodge (argued), Deputy Public Defender, Nampa, for defendant–appellant.

Alan G. Lance, Attorney General; L. LaMont Anderson, Deputy Attorney General (argued), Boise, for plaintiff–respondent.

JOHNSON, Justice.

This is a criminal case. We conclude that the defendant was not entitled to disqualify the district judge pursuant to I.C.R. 25(b)(3) based on the fact that the judge had been the prosecuting attorney in one of the cases that provided the basis for a persistent violator charge. We also conclude that the trial court did not abuse its discretion in sentencing the defendant to a sentence that included a fixed imprisonment term of five years.

## I.

## THE BACKGROUND AND PRIOR PROCEEDINGS

Ramiro Villareal Zamora (Zamora) was charged with delivery of heroin and with being a persistent violator. The persistent violator charge was based on three prior felony convictions involving the possession or delivery of controlled substances.

Zamora filed a motion to disqualify the district judge for cause pursuant to I.C.R. 25(b)(3) and (4) supported by an affidavit stating that the district judge had appeared as the prosecuting attorney in one of the prior felony convictions that was the basis for the persistent violator charge.

In denying Zamora's request for disqualification pursuant to I.C.R. 25(b)(4), the district judge concluded that he was not biased or prejudiced against Zamora. In denying Zamora's request for disqualification pursuant to I.C.R. 25(b)(3), the district judge stated

that the present proceeding is not "the action or proceeding" in which the district judge appeared as a prosecuting attorney.

Zamora then entered a conditional plea of guilty pursuant to I.C.R. 11, reserving the right to appeal the denial of his motion to disqualify. As part of the plea agreement, the prosecution agreed to dismiss the persistent violator charge and to recommend a unified ten year sentence with five years fixed. The district judge accepted the conditional plea and followed the prosecution's sentencing recommendation in imposing sentence. Zamora appealed.

## II.

## THE TRIAL COURT WAS CORRECT IN DENYING THE I.C.R. 25(b)(3) MOTION.

■ Zamora asserts that the trial court should have granted his I.C.R. 25(b)(3) motion. We disagree.

We first note that although Zamora's conditional plea reserved his right to appeal from the trial court's order denying his motion to disqualify the district judge, Zamora has limited his appeal to the trial court's denial of his I.C.R. 25(b)(3) motion. Therefore, we do not address the trial court's denial of disqualification pursuant to I.C.R. 25(b)(4).

■ I.C.R. 25(b)(3) provides that a party may disqualify a judge for cause if the judge "has been attorney or counsel for any party in the action or proceeding." A decision on this motion is not left to the discretion of the judge. If the judge has been attorney or counsel for any party in the action or proceeding, the judge must grant the disqualification.

I.C.R. 25(b)(3) was clearly intended to allow a party to disqualify a judge who has, in the action or proceeding pending before the court, been attorney or counsel for any party. By its clear language, it was not intended to allow a party to disqualify a judge who has, in some other action or proceeding, been attorney or counsel for any party in the pending action or proceeding. Otherwise, for instance, a judge who had been a prose-

cuting attorney could be disqualified in all criminal cases. Likewise, a judge who had represented a particular company, organization, or institution, could be disqualified in all cases in which that company, organization, or institution is involved. This was clearly not the intent of the rule.

Here, the district judge had not been attorney or counsel, in the present case, for any party. The fact that the district judge was the prosecuting attorney in one of the cases alleged as the basis for the persistent violator charge does not allow Zamora to disqualify the district judge pursuant to I.C.R. 25(b)(3). A persistent violator charge is not a continuation of the prior felony cases upon which it is based, but is merely the procedure for imposing additional punishment on a person who is convicted for at least the third time of the commission of a felony. I.C. § 19–2514; *State v. Johnson,* 86 Idaho 51, 57, 383 P.2d 326, 329 (1963).

## III.

## THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN SENTENCING ZAMORA.

■ Zamora asserts that the trial court abused its discretion by imposing a five year fixed imprisonment term without giving proper weight to his drug addiction. We disagree.

■ The maximum sentence for the crime to which Zamora pled guilty is life imprisonment. I.C. § 37–2732(a)(1)(A). Therefore, Zamora has the burden of showing a clear abuse of discretion by the trial court in sentencing him. *State v. Cotton,* 100 Idaho 573, 577, 602 P.2d 71, 75 (1979).

Zamora contends that the trial court did not give adequate consideration to his drug addiction and points out that all of his prior felony convictions stemmed from his connection with the use and abuse of drugs, that the conviction involved no threat of violence or harm to anyone, that his involvement in this case was minimal, that the amount of heroin was less than a gram, and that he cannot get the in-depth substance abuse treatment which he requires in the state penitentiary.

Zamora was convicted of possession of a controlled substance with intent to deliver in 1974. He was given a fifteen year indeterminate sentence. Less than ten years later, he was convicted of delivery of a controlled substance and received a ten year indeterminate sentence. In 1993, he was convicted of possession of a controlled substance, his third felony. Approximately a month after being released from his imprisonment for the 1993 conviction, Zamora committed the offense to which he pled guilty in the present case. He also has an extensive misdemeanor criminal history.

At sentencing the trial court considered the protection of society, deterrence of Zamora and others, the possibility of Zamora's rehabilitation, and punishment for Zamora. Any drug addiction Zamora has is just one of the circumstances for the trial court to consider in fashioning a sentence.

We conclude that, without substituting our view for that of the trial court, reasonable minds might differ whether the sentence imposed on Zamora was excessive under any reasonable view of the facts, considering: (1) the protection of society, (2) deterrence of Zamora and others, (3) the possibility of Zamora's rehabilitation, and (4) punishment or retribution for Zamora. *State v. Sarabia,* 125 Idaho 815, 819, 875 P.2d 227, 231 (1994). Therefore, the trial court did not abuse its discretion in sentencing Zamora.

## IV.

## CONCLUSION

We affirm the trial court's denial of Zamora's motion to disqualify the district judge and the trial court's sentencing of Zamora.

TROUT, C.J., and McDEVITT, SILAK and SCHROEDER, JJ., concur.